MISSOURI PACIFIC RAILWAY COMPANY, Respondent, v. B. F. COOMBS & BROTHER COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1897.

1. **Account Stated**: RETENTION FOR REASONABLE TIME. An account rendered by a creditor to his debtor and not objected to within a reasonable time is regarded as evidence of an account stated.

2. ——: CORPORATION: AUDITING AGENT. An account rendered to bind a corporation as an account stated must be delivered to an agent authorized to receive and adjust it.

3. ——: WHAT SUFFICIENT: CONTROVERSY. An account stated should show debits and credits and a balance; and an account with the accompanying letter, as shown in the petition, is *held* not to constitute an account stated since it shows an unsettled controversy between the parties.

4. **Limitation**: REPRESENTATION AS TO SETTLEMENT: EFFECT OF. Where the plaintiff gives defendant assurance that a matter in controversy between them would be accepted in payment when their mutual accounts should therein be settled, and the defendant relies thereon and desists from suit, the plaintiff when suing on the mutual account can not invoke the statute of limitations against the disputed items.

*Appeal from. the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*Jno. L. Wheeler* for appellant.

(1)   The appellant made out a complete defense on an account stated.   *Lambert v. Craft*, 98 N. Y. 350; *Lockwood v. Thorne*, 18 N. Y. 285; *McCord v. Munson*, 17 Ill. App. 121; *McKin v. O'Brien*, 33 Ill. App. 476; *Wiggins v. Burkham*, 10 Wall. 129; *Wharton v. Anderson*, 28 Minn. 304; *Shepherd v. Bank*, 15 Mo. 144; *Powell v. R'y*, 65 Mo. 658; *McCormick v. Sawyer*, 104 Mo. 42; *Brown v. Kimmel*, 67 Mo. 430; *Kent v. Highleman*, 17 Mo. App. 9; *Mulford v. Caesar*, 53 Mo. App. 264.   (2) Sending the statement by mail to respondent and not objected to within reasonable time is sufficient notice to bind it as upon an account stated. Same authorities cited under first point.   (3) The motions for new trial and in arrest should not have been sustained on the ground of surprise and newly discovered evidence.   *Harrison v. White*, 56 Mo. App. 178;   *Tittman v. Thornton*, 107 Mo. 510; *Shotwell v. McElhinney*, 101 Mo. 682.

*Elijah Robinson* and *Stuart Carkener* for respondent.

(1)   There was no evidence whatever of authority on the part of the commercial agent at Kansas City to adjust claims.   It is a well settled principle of law that he who relies upon promises of a party, made through an alleged agent, is bound to show the existence of the agency, and that the particular promise relied upon comes within the scope of his authority.   (2) To maintain an action on an account stated, it is absolutely

essential that a definite sum must have been agreed on as due from one party to the other, and that the debtor promised to pay the same. It is true that in case of current accounts, where one party makes a statement of the account and delivers it to the other as a basis of adjustment, his assent thereto and a promise to pay may be inferred from his silence, but that is not true in cases other than of current accounts. (3) Moreover, the testimony of Mr. Coombs himself shows that there was no acquiescence in the correctness of the account, and no agreement to pay the same. He testified that when he sent the statement to the plaintiff's commercial office, Mr. Wager, the "street man" came to see him, and talked to him in regard to the freight charges on the lemons, but informed him that he knew nothing whatever about the claim for the apples. This certainly could not be construed by any person as an acquiescence in the claim or a promise to pay it. The letter from the defendant to plaintiff, dated October 20, does not make a claim for any specific amount, nor claim any particular balance due, but simply states that the defendant would like settlement at an early date. This letter shows conclusively that there was an unsettled controversy between the plaintiff and the defendant, an adjustment of which would require further negotiation.

SMITH, P. J.—The plaintiff sued defendant before a justice of the peace to recover the sum of $250.32 for freight on two hundred and eighty boxes of lemons shipped over the plaintiff's railway, etc.

The defendant filed a statement wherein it was alleged that it had paid and settled the plaintiff's account. The statement further alleged STATEMENT. that the plaintiff owed the defendant $300 for a car load of apples which defendant, on the twelfth

of October, 1889, delivered to plaintiff to be carried to a Texas point, and which the plaintiff failed to deliver according to the agreement entered into for that purpose, but converted the same to its own use. It was further therein alleged that on receipt by defendant of the account sued on that it immediately made out its statement of the mutual account in which it charged plaintiff $300 for the car load of apples and credited it with the sum of $221, and informed plaintiff that it would settle the plaintiff's account in that way; that instead of replying and rejecting said statement plaintiff remained silent and permitted defendant to believe that plaintiff had accepted said settlement until the bringing of this suit, and until the statute of limitations had run against defendant's account.

There was a trial in the court below resulting in a verdict for defendant, which was set aside on motion of the plaintiff for the reason, as appears from the recitals in the order, "that the evidence in this cause fails to show that the agent or department of the defendant, whose duty it was to adjust claims of the character of the one in question, had received such notice of defendant's claim as would bind it as upon an account stated. The powers of the 'street man,' as he was termed, are not shown to have embraced the authority to adjust the defendant's account. And this authority ought to be shown, and very likely may be, on a retrial of the cause."

An examination of the evidence presented by the abstracts of the record before us has convinced us that the reasons assigned in the order of the court setting aside the verdict are well founded. The rule is well established in this state to the effect that an account rendered by a creditor to his debtor, and not objected to within a reasonable time, is regarded as evidence of an account

ACCOUNTS stated: retention for reasonable time.

stated—that is, an account conceded by both parties to be correct. *Brown v. Kimmel*, 67 Mo. 430; *Powell v. Railway*, 65 Mo. 658; *Shepherd v. Bank*, 75 Mo. 143.

But the evidence does not show that the defendant rendered the statement of the account to any officer or agent of the plaintiff who was authorized to receive and adjust the same. Unless the account was so delivered it is quite difficult to understand how the silence of the plaintiff could be regarded as evidence that it was correct or as making out a *prima facie* case throwing the burden of rebutting the same on the plaintiff.

——: corporation: auditing agent.

On October 20, 1893, the defendant inclosed an account to plaintiff's commercial agent at Kansas City, for the car load of apples, and also a letter in which it was stated that the plaintiff had made certain overcharges on the car load of lemons. It was therein further stated that "inasmuch as this matter is in controversy, we present again our claim for 150 barrels of apples which you received from us to go to Houston, Texas, the twelfth day of October, 1889. Something happened to the car of apples whilst in transit, as you reported it, you did not deliver it, and you have never settled with us for it. We would like a settlement of this car of apples at early date, and of course we want to settle the matter in controversy in this car of lemons."

It appears that when the plaintiff's commercial agent received the defendant's account and accompanying letter, that he sent what is termed in the evidence his "street man" to defendant to find out about defendant's account, and about which it appears he made inquiries, but it is conceded that he had no authority to settle the defendant's claim. It is quite apparent that the account was by no means an account stated. It does not pur-

——: what sufficient: controversy.

port to show the debits of the one or the credits of the other, nor the balance claimed to be due defendant. Nor is it the mutual account alleged in the defendant's statement. The letter conclusively shows that there was an unsettled controversy between the parties requiring further negotiation.

It appears further from the evidence that sometime prior to the writing of the letter inclosing the account, that defendant had attempted to obtain a settlement of his claim, but that plaintiff had only offered it $27 in discharge of the same, which was not accepted. The statement in the defendant's letter that "we present again our claim for 150 barrels of apples," etc., no doubt refers to such attempted settlement, and we think shows quite satisfactorily that the object the defendant had in writing the letter and inclosing its account was to reopen the negotiations for a settlement which had been previously begun without success. Whether or not defendant delivered its account and accompanying letter to an officer or agent of the plaintiff authorized to expressly or impliedly concede the correctness of defendant's account, is immaterial, since such account and letter can not, in our opinion, be regarded as an account stated, for the reasons we have already sufficiently indicated.

As the defendant's account seems to be one of much merit, it may not be out of place to remark that if there was any understanding between plaintiff and defendant, or assurance given by the plaintiff to defendant that the latter would accept the former's account in payment or discharge of that of the latter, when their mutual accounts should thereafter be settled, and that the former, relying upon such understanding or assurance, did not bring an action on its account within the statutory period, and but for that it otherwise would

LIMITATION: representation as to settlement, effect of.

have done so, the latter should not be allowed to invoke the statute of limitations in bar of former's account. *Swofford Dry Goods Co. v. Goss*, 65 Mo. App. 55.

The order of the circuit court in setting aside the verdict will be affirmed. All concur.