MISSOURI PACIFIC RAILWAY COMPANY, Respondent, v. B. F. COOMBS & BROTHER COMMISSION COMPANY, Appellants.

**Kansas City Court of Appeals, May 6, 1901.**

Accounts Stated: SECOND APPEAL: AMENDED ANSWER. On a second appeal, the ruling on the former appeal relating to an account stated is followed, since the amended answer fails to change former status of the defense, and the trial court was bound to give peremptory instructions to find for the plaintiff. Adhered to on motion for rehearing.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*John L. Wheeler* for appellant.

(1) The appellant showed that Wager, and the commercial agent here, were the proper parties to present this claim. Johnson v. Hurley, 115 Mo. 521; Bank v. Ins. Co., 145 Mo. 139; Pump Co. v. Greene, 31 Mo. App. 269; Sharp v. Knox, 48 Mo. App. 169; Suldarth v. Lime Co., 79 Mo. App. 585; McLachlin v. Barker, 64 Mo. App. 524. (2) The appellant had a right to set up a new defense at the last trial. Sherman v. Rockwood, 26 Mo. App. 403; Comfort v. Lynam, 67 Mo. App. 668; Compton v. Parsons, 76 Mo. 455. (3) The court should have submitted defendant's counterclaim to the jury. Dry Goods Co. v. Goss, 65 Mo. App. 55; Railroad v. Commission Co., 71 Mo. App. 299.

*Elijah Robinson* for respondent.

(1) This case presents the same questions that were decided by this court on the first appeal. Railroad v. Com. Co., 71 Mo. App. 299. (2) Subsequent to that decision the defendant amended its answer, but the amendment was immaterial and did not change the character of the defense, which was based on an alleged settlement resulting from what defendant claimed to be an account stated. (3) Defendant says its counterclaim should have been submitted to the jury. The fact is that defendant presented no counterclaim. It has never made any pretense of pleading a counterclaim.

SMITH, P. J.—This is the second time this case has been brought here by appeal. By reference to the report of it when here on the other appeal—71 Mo. App. 299—we find that the evidence presented by the record now before us does not materially differ from that then before us. What was said by us as to the legal effect of the evidence in that case is as well applicable in this. After quite a thorough examination of the evidence in that case we reached the conclusion that the account and letter which defendant delivered to an agent of the plaintiff did not amount to an account stated within the meaning of the law, and for that reason we thought its defense to the action was not made out.

As has already been stated, the facts in that case being substantially the same as in this, the conclusions there reached must dominate the disposition of this. At the conclusion of the evidence in this case the trial court instructed the jury that there was no evidence tending to show' a settlement and payment of the account sued on, and that, therefore, the verdict should be for the plaintiff for the amount of said account— $221.32—less whatever amount the jury might believe from the evidence should be made on account of overweights charged, not to exceed $21.90, etc. In view of the opinion expressed by us as to the evidence on the other appeal, we think the foregoing peremptory instruction given by the court was entirely proper.

It is true, the defendant, after the case was remanded by us to the circuit court for retrial, amended its answer to plaintiff's statement, but we are unable to discover therefrom that it in any way changed the former status of its defense. There was, of course, no cross-demand or counterclaim thereby set up in the case, so that the question as to the statute of limitations can not arise in the case. The correctness of the plaintiff's account was established by the concurrent evidence of both

of the parties to the suit. The only question was, whether that account had been paid off and settled in the manner alleged in the defendant's answer. For the reasons fully pointed out in the opinion on the other appeal, the evidence failed to show any such payment and settlement of the plaintiff's account. The court was, therefore, bound to give the plaintiff's said instruction.

The judgment was for the right party and must be affirmed. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—The defendant complains of the paragraph in the opinion to the effect "that defendant after the case was remanded by us to the circuit court for retrial amended its answer to plaintiff's statement, but we are unable to discover therefrom that it in any way changed the former status of the defense. There was of course no cross-demand or counterclaim thereby set up in the case so that the question of the statute of limitations can not arise in the case."

It was held by us when the case was here on the former appeal (71 Mo. App. 299) that "the statement of the account filed by defendant and claimed to be an account stated, was not an account stated for the reason that the evidence did not show that defendant rendered the statement of the account to any officer or agent of plaintiff who was authorized to receive or adjust the same." Nor do we discover any evidence in the present case tending to prove that any officer or agent of plaintiff, who was authorized to bind it, entered into any understanding or gave defendant any assurance that it would accept the defendant's account in settlement of its own, when their mutual accounts should thereafter be settled; and, therefore, there could be no reliance on any agreement or assurance by defend-

ant preventing it from bringing an action on its account within the statutory period. There was nothing on which to build an estoppel by conduct, and so we still think there is no question as to the statute of limitations in the case. The refusal to receive proof of the correctness of the defendant's account was therefore harmless.

Although on the previous appeal the case was considered on defendant's theory of an account stated, it may be well questioned whether or not the defense interposed by his statement filed before the justice was more than that of "payment, compromise and settlement." We still think there was in fact no cross-demand or counterclaim filed in the case.