## H. H. BLOSS, Appellant, v. AURORA MILLING CO., Respondent.

### Springfield Court of Appeals, March 25, 1921.

1. **ACCOUNT STATED:** "Account Stated" is Account Settled Between Debtor and Creditor. An "account stated" is an account settled between the debtor and creditor therein in which a sum of money or balance is agreed on and an acknowledgment by one in favor of the other of a balance or sum certain to be due and an express or implied promise to pay the sum by one to the other.

2. ————: **Both Parties Must Agree and Debtor Must Agree to Satisfy Account Stated.** To constitute an account stated, the debtor and creditor must both agree to the correctness of the account, and in addition thereto the debtor must agree to pay and satisfy the amount agreed upon, and the creditor must agree to accept the payment of the agreed sum in satisfaction of the account.

3. ————: **Agreement May be Proved by Evidence Direct or Circumstantial.** An account stated may be proven by evidence either direct or circumstantial as any other fact may be proven, or, if the party to whom the account is rendered retains it without objection for an unreasonable length of time, his so retaining it will justify the inference that he has approved it, and in such case other proof of his acceptance and agreement is not required.

4. ————: **Delivery of Wheat Receipts to Driver Bringing Wheat Held not to Create Account Stated.** Where plaintiff sold wheat to defendant, the delivery of wheat receipts to the driver in charge of the truck bringing the wheat would not establish an account stated; there being no evidence that the driver had any authority to adjust and settle an account or to make any agreement as to the correctness of the weights.

5. ————: **No Account Stated Held to be Created Between Buyer and Seller of Wheat.** Where a farmer during threshing sold his wheat

Bloss v. Aurora Milling Co.

to a mill, the driver of the truck carrying the wheat receiving receipts from the mill's weigher, and such receipts were not delivered to the farmer promptly, and he did not until practically through hauling discover discrepancies between the thresher's weights and the mill weights, there was no account stated, even though the wheat when it was delivered was commingled with other wheat; it appearing that, when the truck with its contents was weighed, the wheat was emptied, and then the truck alone weighed; hence an instruction submitting the theory of an account stated was properly refused.

6. **SALES: Seller of Wheat Entitled to Show in Any Manner that Buyer's Weights were Erroneous.** Where there was a discrepancy between thresher's weights and the weights of a mill which purchased wheat, the seller may show the weight of his wheat in any way permissible under the rules of evidence, and he is not bound to explain anything in connection with the buyer's manner of weighing the wheat, and an instruction to that effect is not error.

7. **APPEAL AND ERROR: Verdict on Conflicting Evidence not Disturbed.** A verdict on conflicting evidence will not be disturbed by the appellate court.

Appeal from Lawrence Circuit Court.—*Hon. Charles L. Henson*, Judge.

REVERSED AND REMANDED *(with directions)*.

*H. H. Bloss, pro se.* and *Carr McNatt* for appellant.

(1) Where the facts are undisputed the question of whether there is an account stated is for the court. Adam Roth v. Grocery Co., 183 Mo. App. 429. (2) Before there can be an account stated invoked against a party, it must be shown that he admitted its correctness. Risk v. Dale, 188 Mo. App. 726. (3) The reasonableness of the time an account is kept is a question of law for the court, as to whether it becomes an account stated, yet, where the time is disputed as to the rendition of the account, and the making of the objections, the latter might be a question for the jury. Borkowske v. Jencke, 170 Mo. App. 610; McMaster v. Bank, 74 Mo. App. 288; Powell v. Railroad, 65 Mo. 662. (4) Before it could be

said that there was an account stated by reason of statements rendered, to an agent, it must be shown that such agent had authority to adjust such an account. R. R. Co. v. Com. Co., 71 Mo. App. 299. (5) An account stated can only arise as the result of an agreement between the parties, either express, or implied, hence it has been held, that when an account is rendered by one party to another, and he fails within a reasonable time to object thereto his implied assent is presumed, but in no case has it ever been held that the rendition of an account by one party to another and his immediate objections thereto was necessary to constitute an account stated. Columbia Brewing Co. v. Brener, 90 Mo. App. 96; Rowland v. Donivan, 16, Mo. App. 554; 1 Corp. Jur., page 680, sec. 251, et seq.; McKinley v. Bank, 74 Mo. App. 288, 289; Barkosky v. Jenicks, 170 Mo. App. 610, 615; Powell v. Railroad Co., 65 Mo. 662.

*James A. Potter* and *I. V. McPherson* for respondent.

(1) Instruction number two given for the plaintiff was erroneous. (a) Because it singles out and comments on particular evidence. Smith v. Jefferson Bank, 147 Mo. App. 461; Richardson v. Metrop. S. Ry. Co., 166 Mo. App. 162; Greenbrier Dist. Co. v. Van Frank, 147 Mo. App. 204. (b) Because it comments on matters not in issue. Eames v. N. Y. L. Ins. Co., 134 Mo. App. 331; Sinnamon v. Moore, 161 Mo. App. 168; Hufft v. Frisco, 222 Mo. 286; Briscoe v. Laughlin, 161 Mo. App. 76; Shannon v. Abell, 169 Mo. App. 598. (c) Because it shifted the burden to the defendant, was unintelligible and likely to mislead the jury. Cole v. Waters, 164 Mo. App. 567; Gourley v. Amer. Hardwood Lbr. Co., 185 Mo. App. 360, Ramey v. Lewis, 182 Mo. App. 58; Knapp v. Hanley, 153 Mo. App. 169.

COX, P. J.—Action to recover balance alleged to be due for wheat sold and delivered. Verdict for plaintiff for $463. Motion for new trial and sustained and plaintiff has appealed.

The petition is in the usual form for goods sold and delivered and alleges that plaintiff sold defendant 1416 bushels of wheat of the value of $1.98 per bushel, making a total of $2803.63 and gives credit for payments which leaves a balance due of $495.66.

The answer is a general denial; plea of payment for all wheat received by it and the further defense that an account stated had been rendered to plaintiff and retained by him without objection and payment had been made by defendant and accepted by plaintiff in accordance with the account stated and hence the claim of plaintiff was settled and satisfied.

The evidence discloses that there was no specific contract for the sale and purchase of the wheat before its delivery. The defendant was operating a mill and elevator at Aurora and bought wheat from all who brought it there to sell. The plaintiff owned a farm near Aurora and harvested and threshed the wheat from about 100 acres of land and as he threshed it, he had it hauled in a truck and delivered to defendant. The threshing and hauling covered a period of seven days and 27 loads of wheat were delivered in that time. The thresher had a weigher attached which weighed the wheat as it was threshed. Defendant had scales at its mill on which each load was weighed. It had a beam which weighed in bushels and it usually weighed in bushels. The truck would drive on the scales and the gross weight be noted in bushels, then the wheat would be dumped into a pit, the empty truck weighed and its weight in bushels subtracted from the gross weight to ascertain the amount of the wheat. After weighing each load, a ticket was given to the driver of the truck showing the number of bushels in that load. These tickets were in the following form and were all similar except as to number of bushels and name of the weigher:

"1 load test 56   31 bu.      30 lbs.
ACKERMAN      BOSLEY."

Ackerman was the weigher and Bosley the driver of the truck. When the wheat was dumped into the pit

at the mill, it was conveyed immediately to the elevator and was mingled with other wheat and may have been so mingled in the pit. Plaintiff was not present when any of the wheat was weighed and Bosley, who drove the truck and received the tickets from the weigher, did not deliver each ticket to plaintiff as he received it. The tickets for what was hauled on the first day were delivered to plaintiff on the second day and the others at intervals as the hauling progressed. Upon the last day of the threshing and when the threshing was nearly completed, plaintiff made a computation of the bushels of wheat as shown by the tickets he had received from the hauler and compared it with the weights as shown by the weigher of the thresher and then discovered for the first time that there was a discrepancy between the bushels shown by the total of the mill tickets and the bushels as shown by the weigher on the thresher. Upon making this discovery, he took steps to test the weigher on the machine and had some wheat weighed on other scales before taking it to the mill with a view of trying to ascertain the cause of the discrepancy between the machine's weights and the mill's weights. Soon afterward, he saw the manager of the mill and told him of the discrepancy in the weights and some effort was made at adjustment which did not succeed. The defendant paid for the wheat according to the weights as shown by its scales and plaintiff refused to accept this in full, claiming that he had delivered more wheat than was shown by the mill tickets, and brought this suit for what he claimed was the difference.

The motion for new trial was sustained on the ground that the trial court thought error had been committed in giving Instruction No. 2 for plaintiff and in refusing Instruction E asked by defendant. These instructions are as follows:

Instruction No. 2 for Plaintiff: "You are further instructed that while the burden of proof is on plaintiff to show by a preponderance of the evidence that he delivered to the defendant at its place of business the

quantity and quality of wheat for which a recovery is sought herein, it is not plaintiff's duty to explain what became of said wheat after its delivery nor the manner of defendant's weighing or measuring the same nor the condition nor operation of its scales, the measures or testers, if any, used by defendant in ascertaining the weights, measures, or grades of said wheat.''

Instruction E asked by defendant: ''If the jury shall find and believe from the evidence in this case that the plaintiff delivered the wheat mentioned by the witnesses to the defendant to be weighed on its scales and accepted and knew that said wheat would be mixed and mingled with other wheat in its elevator and that as each of said loads of wheat were weighed, the defendant delivered to and the plaintiff received tickets showing the amount of said wheat as shown by said scales and retained the same and made no objection to the said weights at the time and made no objections to them for a reasonable time thereafter, then plaintiff is not entitled to recover.''

One ground of defense was that an account stated had been furnished plaintiff by defendant and that he was bound thereby. At the trial, the court refused to submit that issue to the jury and we assume that the failure to do so was afterward thought to be error which resulted in the motion for new trial being sustained.

The facts which defendant contends show that the plaintiff is bound by an account stated are as follows: Defendant was operating a mill and buying wheat from all parties who brought it. It had scales on which all wheat purchased was weighed. When a load was weighed, the wheat was immediately dumped into a pit and from there carried to the elevator and mingled with other wheat so that if a mistake were claimed afterward, it could not separate or re-weigh the wheat. That the delivery of the tickets showing the weight of each load to the driver of the truck was a delivery to plaintiff and this course of business having continued for seven days, it became an account stated and since plaintiff made no

objection to defendant until after all the wheat had been delivered, he is bound by the weight tickets in this action; that if he claims a mistake was made, he must bring suit to correct that error and cannot recover in this form of action.

An "account stated" is defined to be "an account settled between the debtor and creditor therein in which a sum of money or balance is agreed on and an acknowledgment by one in favor of the other of a balance or sum certain to be due and an express or implied promise to pay the sum by one to the other." [Powell v. Pacific R. R., 65 Mo. 658.]

To constitute an account stated, the debtor and creditor must both agree to the correctness of the account and in addition thereto, the debtor must agree to pay or satisfy the amount agreed upon and the creditor must agree to accept the payment of the agreed sum in satisfaction of the account.

The agreement may be proven by evidence either direct or circumstantial as any other fact may be proven or if the party to whom the account is rendered retains it without objection for an unreasonable length of time, his so retaining it will justify the inference that he has approved it and in such a case, other proof of his acceptance and agreement to pay is not required. [Kenneth Inv. Co. v. Bank, 96 Mo. App. 125, 135, 70 S. W. 1730; Mo. Pac. Ry. Co. v. Com. Co., 71 Mo. App. 249.]

The contention in this case is that the delivery of the weight tickets to the driver of the truck at the mill was an account stated by the defendant as to the quantity of wheat delivered. We do not think so. The delivery of the weight tickets at the mill to the driver of the truck was not a delivery to plaintiff as applied to the contention of an account stated for the reason that there was no evidence that the driver had any authority to settle or adjust the account or to make any agreement as to the correctness of the weights, so plaintiff's conduct must be judged in the light of what he did after

the tickets reached him. [Mo. Pac. Ry. Co. v. Coombs & Bro. Com. Co., 71 Mo. App. 299.]

It is not sufficient to show delivery to plaintiff alone. Plaintiff's agreement thereto must be shown before it becomes an account stated that binds him. The only contention that his agreement thereto was shown is based on the fact that he retained the weight tickets without objection until the wheat was all delivered, which covered a period of six or seven days and that such retention by him without objection was unreasonable. In passing upon plaintiff's conduct in this respect, we must measure it by what he should reasonably be expected to do under the circumstances in this case. It is manifest that plaintiff could not have made objection to any particular load in time to have furnished defendant an opportunity to correct its error if one were made in weighing that load. Plaintiff might have had the weight of each load as shown by the thresher sent along with the load but had that been done, it would not have been practical and probably not possible for the weigher at the mill to have corrected the weight of that load, if it were not correct, for the reason that by the manner of weighing at the mill, the load was dumped into the pit before the empty truck could be weighed and the amount of wheat on that load ascertained. It is contended, however, that if plaintiff had compared the tickets with the weigher on the thresher sooner and by such comparison had discovered a discrepancy and had notified defendant of that fact, it would have given it an opportunity to determine whether it would take any more of plaintiff's wheat unless he would agree to take the mill weights. That is true but that would not have helped it any as to the wheat delivered before notice of objection to the weights was received so that could only have applied to a part of the wheat. We do not think the conduct of plaintiff in not sooner discovering the discrepancy between the weights as shown by the weigher on the thresher and those shown by the weight tickets furnished by the mill should be held as binding him to

abide by the mill weights. There would be no reason why he should make the comparison until the threshing was completed, in the absence of anything that would suggest to him that there might be a difference in the weights. The ordinary man would not suppose that any scales were not weighing the wheat correctly and it would not occur to him that he ought to check up the weights of the mill and compare them with the weights as shown by the thresher. We see nothing in plaintiff's conduct to indicate that he acted in any way whatever other than what would be expected of the ordinary man under the same circumstances and the course ordinarily pursued is the test by which to measure plaintiff's conduct in this case.

In our view of the case, after a careful review of all the testimony, we do not think the question of an account stated was involved in the case and the trial court was right in refusing defendant's instruction E and other instructions which sought to submit that issue to the jury.

Defendant contends that these weight tickets were at least in the nature of receipts and prima facie correct and cast the burden on plaintiff to rebut them. Conceding, without deciding, that to be true, it could do no more than cast the burden on plaintiff to show that he delivered more wheat to defendant than was shown by the tickets. In other words, that he delivered more wheat than he had been paid for. The jury were required by the other instructions to so find, hence no error was committed in that respect.

If we are right in holding that the question of an account stated is not involved, then we do not think the court committed error in giving Instruction No. 2 for plaintiff. If plaintiff had been bound as upon an account stated, he would then have been compelled to show that defendant had made a mistake in weighing his wheat but with that question eliminated, he could show the weight of his wheat in any way permissible under the rules of evidence and was not bound to explain anything

in connection with defendant's manner of weighing the wheat.

Defendant also contends that plaintiff agreed in the sale of the wheat to take the mill weights. This contention is based on the fact that defendant is a wheat buyer and keeps scales at its mill on which it weighs all wheat that it buys and that plaintiff knew that fact and by sending wheat there, agreed to take the mill weights and is bound thereby in the absence of fraud or mistake. No authorities are cited to sustain that position and we are of the opinion that it is not well taken. All grain buyers maintain scales on which to weigh the grain and it would generally be supposed that their scales would weigh correctly but we do not think this supposition or belief on the part of a seller of grain amounts to a contract to be bound by the weights shown by the scales of the purchaser.

There was a great deal of testimony on both sides tending to show that the respective contentions as to the correct weight of the wheat was right but the jury having found that issue for plaintiff, the courts are now bound by that finding.

Defendant contends that the verdict is excessive. This is a matter of computation and we find that it is excessive in the sum of $1.96. This amount should be deducted from the amount of the verdict and judgment rendered for plaintiff.

Judgment reversed and cause remanded with directions to set aside the order sustaining the motion for new trial; overrule the motion and enter judgment on the verdict for the amount of $461.04 as of the date of the rendition of the verdict.

*Farrington* and *Bradley, JJ.,* concur.