CONCRETE, Inc., a Corporation (Plaintiff), Respondent,

v.

Guy W. CURRY, doing business as Curry Construction Company (Defendant), Appellant.

No. 29018.

St. Louis Court of Appeals, Missouri.

April 19, 1955.

Motion for Rehearing or for Transfer to Supreme Court Denied May 13, 1955.

Clifford A. Falzone, Clayton, for appellant.

Ivan Light, Bloomington, Ill., for respondent.

WOLFE, Commissioner.

This is an action in which it was alleged by the plaintiff corporation that an account was stated between it and the defendant, whereby the defendant agreed to pay to the plaintiff $9,038.57. Credits were given against this amount and a judgment sought for an alleged balance of $2,473.05. The trial was to the court and from a judgment for the plaintiff in the amount sued for the defendant prosecutes this appeal.

The pertinent part of the plaintiff's petition is as follows:

"3. On or about May 31, 1948, an account was stated by and between plaintiff and defendant, and it was agreed that defendant was indebted to plaintiff in the sum of Nine Thousand Thirty Eight Dollars and Fifty Seven Cents ($9,038.57), which defendant then and there agreed was then due and payable by him to plaintiff;

"4. Payments by defendant or credits allowed by plaintiff on agreed debt of $9,038.57 were as follows:

|  |  |
|---|---|
|  | $9,038.57 |
| June 14, 1948—discount | $19.13 |
| June 14, 1948—payment | 956.72 |
| Aug. 3, 1948—payment | 4,200.00 |
| Aug. 31, 1948—quantity discount | 801.34 |
| Aug. 31, 1948—quantity discount | 383.50 |
| Aug. 31, 1948—quantity discount | 204.83 |
|  | 6,565.52 |

leaving a balance due from Aug. 31, 1948 of $2,473.05, which balance defendant fails and refuses to pay.

"Wherefore, plaintiff prays judgment against defendant for the sum of $2,473.05, with interest thereon at .6% per annum from Aug. 31, 1948, and for its costs."

The answer denied that the defendant had agreed to pay $9,038.57 and stated that he is entitled to discounts which had not been credited to him on the balance claimed to be owing.

A Mr. Frein, who was the secretary and treasurer of Concrete, Inc., testified that Curry, the defendant, was a paving contractor. He procured from Concrete, Inc., ready-mixed concrete and accessories, such as expansion joints and wire mesh, used in paving. The plaintiff had been selling such items to Curry for about eight or ten years. When the concrete was ordered by Curry, the plaintiff delivered it and charged him $10.75 for each cubic yard. There was a "quantity" discount of $1 on each cubic yard where more than 300 cubic yards were delivered to the same job. Frein testified that credit for this discount was sometimes taken by the purchaser when he made payment for the concrete and at times the full amount was paid and a ledger credit given for the discount. At other times the full bill was paid by the party for whom the work was done, and in that event the discount was paid or credited by Concrete, Inc., to the purchaser.

On May 31, 1948, the books of Concrete, Inc., showed that the sum of $9,038.57 was charged against Curry. Frein said that he talked to Curry about the amount and Curry agreed to pay subject to the quantity discounts. He said that the company received a payment in June; another payment of $4,200 was made by Curry in August of 1948. Frein was asked if he then figured the quantity discounts and he replied: "Yes, it looked like we were not going to get paid; he was buying materials elsewhere, so the only thing to do was to reduce it to the right amount and make demand." Being questioned further on the subject of the discounts, the following questions and answers appear:

"Q. Therefore, can I say on May 31st of '48 Mr. Curry was entitled to quantity discounts at that time to reduce this $9,038.57 figure that you said was agreed upon; is that correct? A. I did not say it was agreed upon. That is the figure we talked about in our conversations for clearing and refusing him future credit.

"Q. And on May 31st, 1948, the figure of $9,038.57 was not a correct balance of this account? A. Not if you consider quantity discounts.

"Q. And he was entitled to quantity discounts as of that date? A. Yes.

"Q. And Mr. Curry told you over the phone he was entitled to quantity discounts? A. Yes.

"Mr. Light. He got the quantity discount on August 31st, 1948; is that correct? A. That is when they cleared."

Frein also stated that monthly statements were mailed for a balance of $2,473.05.

The president of Concrete, Inc., testified that he knew Curry and that Curry owed the company considerable money. He said that at some time since 1948, he had called on Curry and said: "Guy, you owe us considerable money." No sum was mentioned but Curry answered: "I will be in in a couple of days and pay that." The president of the company testified that he did not discuss with the defendant any particular amount of money.

At the close of the plaintiff's case the defendant moved that the plaintiff's petition be dismissed and that the issues be found in favor of the defendant, on the ground that plaintiff had failed to prove the cause of action alleged in its petition. The court overruled the motion and the defendant offered no evidence but stood on the motion for a judgment.

It is contended by the appellant that the court erred in overruling his motion and that the plaintiff wholly failed to prove an account stated.

■ An account stated is created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowledges his obligation to the party creditor and promises to pay. 1 C.J.S., Account Stated, § 1, p. 693; Gerstner v. Lithocraft Studios, Inc., Mo.App., 258 S.W. 2d 250; Powell v. Pacific Railroad, 65 Mo. 658; Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564; Bloss v. Aurora Milling Co., 207 Mo.App. 402, 229 S.W. 833.

■■ A balance must be reached and no matters left open for future adjustment before an account stated arises. The action is certainly never available where there is an express understanding that certain matters are left for future adjustment. Caner v. Kent, 342 Mo. 878, 119 S.W.2d 214; Pickel v. St. Louis Chamber of Commerce, 10 Mo.App. 191; Quint v. Loth-Hoffman Clothing Co., 207 Mo.App. 391, 233 S.W. 92; Conkling v. Henry Quellmalz Lumber & Mfg. Co., supra.

■ The evidence of the plaintiff shows that defendant never did owe $9,038.57, which it claims was the amount of the account stated. It was understood that this was subject to future credits. Therefore no balance was struck and no sum due agreed upon.

■ The respondent urges that its case was made by reason of the fact that the company mailed monthly statements showing a balance of $2,473.05, and that the defendant did not complain about the amount. We are cited to Gerstner v. Lithocraft Studios, Inc., supra, wherein we held that if a party receiving a bill for a fixed amount made no objection within a reasonable time his silence would be construed as acquiescence in the correctness of the amount for which he was charged. The facts here, however, do not call for the application of such a rule for two reasons. The first is that the account originally relied upon as the account stated was admittedly not the correct balance of the sum due. The second reason is that it was the custom of the plaintiff to bill for more than was actually due as it did not deduct quantity discounts until payment was made. Owing to this the defendant would not, as in the ordinary case, be made aware of the exact demand by receiving a statement. It is true that Frein testified that he finally gave the defendant credit for discounts, but there is not a word of evidence that the defendant agreed that he had all of the discounts due him, or that he knew or acknowledged that the sum for which he was billed was the actual amount owing.

■ It consequently appears that the plaintiff failed to make a case on the theory upon which its action was tried and the court erred in overruling the motion to dismiss. However, as it appears that defendant may be indebted to the plaintiff upon the account in controversy, the plaintiff should not be precluded from recovery in this action by reversing the cause without remanding it for a new trial upon a properly amended petition. Schebaum v. Mersman, Mo., 191 S.W.2d 671; McClanahan v. St. Louis Public Service Co., 363 Mo. 500, 251 S.W.2d 704; Stone v. Farmington Aviation Corp., 363 Mo. 803, 253 S.W.2d 810.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

RUDDY, Acting P. J., and NOAH WEINSTEIN, Special Judge, concur.