Clara A. BRADER, Lawful Representative of Ben Brader, Deceased (Plaintiff), Respondent,

v.

Donald O. REHM (Defendant), Appellant.

No. 30156.

St. Louis Court of Appeals.

Missouri.

April 21, 1959.

Flynn, Parker & Badaracco, St. Louis, for appellant.

Henry Ebenhoh, Walter S. Berkman, St. Louis, for respondent.

DOERNER, Commissioner.

This suit was filed by Ben Brader, a former employee of the defendant, to recover commissions of $15,000 claimed to be due him on certain sales. From an adverse judgment against him of $5,000, rendered in the Circuit Court of St. Louis County, the defendant has appealed to this court. After the appeal had been taken Mr. Brader died and his widow was formally substituted as his lawful representative.

Defendant is a distributor of bicycles, wheel goods, accessories and parts. His place of business is located in the City of St. Louis, and the operation was carried on under the name of Guaranty Cycle Company. Brader entered defendant's employ as a salesman on June 1, 1949, and continued as such until August 23, 1956. He traveled at certain times in southern Illinois, and at other times in certain parts of Missouri.

The primary issue in dispute between the parties was the term of Brader's employment. According to Brader, he was employed strictly on a commission basis, and was to receive a commission not only on the merchandise he personally sold, but also on all orders which the customers he called upon mailed or telephoned in to defendant. On his part, defendant denied that he had agreed to pay Brader any commissions on orders received by mail or telephone, and readily admitted that, in general, no commissions had been paid to Brader on such orders.

Contingent upon the determination of the first issue, the second issue in controversy was the amount of the commissions to which Brader was entitled. The issue of fact as to the terms of the agreement was submitted to the jury for its determination, and by its verdict the jury found the contract of employment to be as claimed by Brader. No complaint of error is made as to that part of the case.

■ Defendant's first assignment of error relates to the defense of account stated, first raised in his answer and subsequently renewed at all appropriate times during the trial. It is undisputed that throughout Brader's employment he was given two checks every two weeks, one for the commissions which he had earned on orders taken by him during that period, and the other for his traveling expenses. At the time Brader received each check for his compensation he was also given a detailed account sheet by defendant headed "Ben Brader, Commission on sales ——— through ———,"

(the blanks containing the appropriate dates), and giving the name of the customer, the invoice number, its date, the nature of the customer's purchases broken down under the classification of "tires and tubes", "wheel goods", "bicycles", and "parts and accessories", the rate of commission applicable to each classification, the total amount sold of each category of merchandise, the amount of commission on each classification, and the total of the commissions due Brader, the amount of which corresponded with the check for compensation concurrently given him.

Brader admitted that he accepted such commission checks and cashed them, but testified that he had no way of knowing when his customers mailed or telephoned in orders to defendant, and that it was not until June or July, 1952, that he discovered from some of his customers that they had sent orders to defendant on which commissions had not been paid. Brader stated that he thought there might have been an oversight on defendant's part, and said nothing about the matter until December, 1952, when he asked the defendant about it. Defendant then admitted, according to Brader, that he had some commissions coming and stated that he would ascertain the amount and pay him. Thereafter, Brader testified, he periodically broached defendant about the subject and was informed, in substance, that defendant had been too busy to check on the matter, and was also assured that he would be paid what was due him. Brader continued to work for defendant, he stated, because defendant always promised to pay him and he took defendant at his word and thought he eventually would be paid.

■ It is defendant's contention that Brader's actions in accepting the detailed account sheets and accompanying checks, and cashing the latter, established an account stated for each two-week period, as a matter of law. The authorities do not sustain defendant's position. As this court said in Concrete, Inc. v. Curry, Mo.App., 278 S.W.2d 6, 9:

"An account stated is created when the parties, having had financial transactions between them, arrive at an agreement as to the balance due and the party debtor acknowledges his obligation to the party creditor and promises to pay. 1 C.J.S. Account Stated § 1, p. 693; Gerstner v. Lithocraft Studios, Inc., Mo.App., 258 S.W.2d 250; Powell v. Pacific Railroad, 65 Mo. 658; Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564; Bloss v. Aurora Milling Co., 207 Mo. App. 402, 229 S.W. 833.

"A balance must be reached and no matters left open for future adjustment before an account stated arises. The action is certainly never available where there is an express understanding that certain matters are left for future adjustment. Caneer v. Kent, 342 Mo. 878, 119 S.W.2d 214; Pickel v. St. Louis Chamber of Commerce Ass'n, 10 Mo.App. 191; Quint v. Loth-Hoffman Clothing Co., 207 Mo.App. 391, 233 S.W. 92; Conkling v. Henry Quellmalz Lumber & Mfg. Co., supra."

In view of Brader's foregoing testimony, it is clear that by the acceptance by Brader of the account sheets and checks no account stated was created as a matter of law, for no balance was struck and no sum due agreed upon, and the trial court properly overruled defendant's motion for a directed verdict.

The conflict in the testimony of Brader and the defendant presented an issue of fact as to whether or not Brader had accepted the account sheets as a settlement of the accounts, and agreed to them, so as to create an account stated. That issue was properly submitted to the jury by Instruction No. 3. Defendant argues, in his fourth assignment, that the evidence compelled a finding in his favor. But it was the function of the jury to resolve the divergence in the evidence. And it is apparent from its verdict that the jury found the issue in favor of Brader.

Defendant's second assignment of error concerns Instruction No. 1—Brader's verdict-directing instruction. Defendant complains that the instruction permitted the jury to find that plaintiff was entitled to commissions on merchandise sold to customers "in the localities described in evidence," when there were localities mentioned in the evidence in which Brader was not permitted to solicit orders or entitled to receive commissions. A second criticism is that the instruction did not limit the jury's consideration to the period subsequent to October, 1951, the trial court having ruled that the statute of limitations barred recovery of any commissions earned prior to that date. And, lastly, defendant argues that the instruction gave the jury a roving commission to determine the amount of damages because no reference was made to the agreed rates of commissions to be paid on the various classifications of merchandise sold. It will be noted that all of such criticisms relate to the issue of the amount of damages. Inasmuch as we have reached the conclusion that the judgment must be reversed as to that issue, for the reason hereinafter stated, and the instruction will undoubtedly be revised on a retrial of that issue to meet the complaints made, it will serve no useful purpose to review the instruction given.

The defendant's third assignment of error is directed to the admission in evidence of certain testimony of Brader's witness, Luft, an accountant, who had examined defendant's books and records under the authority of a court order. Such testimony likewise related to the issue of the amount of commissions due and therefore need not be considered, in view of the necessity of a retrial of that issue.

■ We concur with defendant's final contention, raised in his fifth point, that there is not sufficient competent evidence in the record to sustain the judgment for $5,000. The only evidence in the record as to the amount of commissions due was that given by Luft, the accountant. There were numerous objections made and sustained during the course of his direct examination, as well as frequent colloquies between opposing counsel and the court, which make it somewhat difficult to follow the thread of his testimony. But a careful review of the record discloses that witness Luft found, from his examination of the available records, that commissions had not been paid by defendant to Brader on mail and telephone orders received from various customers during the period from January 1, 1955, to August 23, 1956, specifically from the A. and B. Cycle Company in the amount of $1,075, and $500 from those referred to in the evidence as the general customers in Missouri.

Respondent inferentially concedes in her brief that the only direct evidence of unpaid commissions were the foregoing items, totaling $1,575, but argues that certain testimony elicited from the defendant on cross-examination furnishes a basis to justify the jury's verdict of $5,000.

Using the $1,075 commissions claimed to be due on orders from the A. and B. Cycle Company during the period from January 1, 1955, to August 23, 1956, as a basis for comparison, counsel for Brader apparently sought to obtain from the defendant an admission that the volume of business was substantially the same for the two preceding 20 month periods. The defendant's replies were as follows:

"Q. (By Mr. Berkman) I will ask if the same would not be true for the same preceding twenty months period, that the house calls would equal that much? A. I could not say accurately.

"Q. Possibly? A. It is possible.

"Q. And for the twenty months period before that would the business not be about the same? A. It would be the same answer. I could not say without consulting the records.

"Q. As a matter of fact, you say in the year 1953 Mr. Brader earned

more money than '54— A. (Interrupting) Yes. Not much.

"Q. Would that not indicate that the volume of business was about the same? A. Yes, sir."

Such evidence showed only a bare possibility that the volume of mail and telephone orders from the A. and B. Cycle Company was substantially the same during the preceding 40 month period as it was during the interval from January 1, 1955, to August 23, 1956. The witness made it plain that he did not know what the volume was during the periods in question, and that he could not make a reasonable estimate without consulting the records. Furthermore, the fact that the commissions paid to Brader on orders actually obtained by him were approximately the same during the years 1951 to 1955, inclusive (although, in truth, as the records disclosed, they ranged from a low of $1,852.12 to a high of $3,077.27), would only indicate that the volume of orders Brader personally secured was the same each year—not that the volume of mail and telephone orders remained constant, at least in the absence of any evidence showing a correlation between the two.

In speaking of the degree of proof required to recover for the loss of past earnings, the Supreme Court recently said, in Seymour v. House, Mo., 305 S.W.2d 1, 3–4:

"In order to recover for a loss of past earnings as special damages, the evidence as to the value thereof must be reasonably certain, so as to eliminate mere speculation. Fishang v. Eyermann Contracting Co., 333 Mo. 874, 63 S.W.2d 30, 36; Burns v. Kansas City Public Service Co., Mo., 273 S. W.2d 184; Sinclair v. Columbia Telephone Co., Mo.App., 195 S.W.2d 558; Bollinger v. American Asphalt Roof Corp., 224 Mo.App. 98, 19 S.W.2d 544. Or, as sometimes expressed, the evidence must afford a basis for a reasonable estimate of the amount of the loss. 15 Am.Jur., supra, § 90, p. 500."

And in an even more recent case, Hargis v. Sample, Mo., 306 S.W.2d 564, 569, the same court said:

"It has been said, however, that the amount of estimated loss of earnings (and the same would apply to loss of prospective profits) should, in the event of uncertainty, at least be supported by the best evidence available. Moss v. Mindlin's, Inc., Mo., 301 S.W.2d 761, 773(12)."

We are constrained to hold, therefore, that there was not sufficient competent evidence in the record to sustain the jury's verdict of $5,000.

Defendant has asked that we order a new trial, or, in the alternative, that we grant a remittitur. Inasmuch as it appears that on a retrial of the case the respondent may be able to produce additional competent evidence on the question of damages, we believe the judgment should be reversed as to that issue, rather than be reduced by a remittitur. In that connection, it is appropriate to remark that the question of the existence or non-existence of certain records, which Brader complained were not made available to his accountant, might be better disposed of prior to trial. If the records are pertinent and are in existence, and if the defendant fails or refuses to produce them in compliance with a court order, the respondent has an appropriate remedy. Section 510.060 RSMo 1949, V.A.M.S. Furthermore, the question will then be determined as to what is the best evidence that respondent is able to produce, which will affect the degree of proof required. Faire v. Burke, 363 Mo. 562, 252 S.W.2d 289; City of Kennett v. Katz Construction Co., 273 Mo. 279, 202 S.W. 558.

For the reasons stated, the Commissioner recommends that the judgment be reversed and the cause remanded with directions to re-try only the issue of the amount of dam-

ages, and then enter judgment for whatever sum may be found.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

The judgment of the Circuit Court of St. Louis County is accordingly reversed and the cause remanded with directions to retry only the issue of the amount of damages, and then enter judgment for whatever sum may be found.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.