F. A. CAMMANN, Appellant, v. ALBERT N. EDWARDS, J. M. WOODS, PRESLEY EDWARDS, BEN F. EDWARDS, as Partners Doing Business Under the Firm Name, A. G. EDWARDS & SONS.—100 S. W. (2d) 846.

Division One, December 14, 1936.

*Charles A. Lich* and *Louis L. Hicks* for appellant.

*Jeffries, Simpson & Plummer* for respondents.

FRANK, J.—Action to recover the sum of $37,500 because of certain alleged stock transactions. Each party filed motion for judgment on the pleadings. Defendants' motion was sustained and plaintiff's motion was overruled. Judgment was rendered for defendant and plaintiff appealed.

A consideration of the pleadings is necessary in order to determine the propriety of the trial court's disposition of the two motions. The pleadings are lengthy. The facts pleaded will be stated and considered in connection with the questions discussed.

The gist of plaintiff's petition is that he employed defendants as his broker to buy and sell stocks and securities for him on margin; that he had on deposit with defendants money and securities in excess of $40,000; that defendants without authority or order from plaintiff sold to him certain stocks for $37,500 and charged that sum against his account; that when plaintiff discovered this transaction he notified defendants that he had not ordered such stocks and requested defendants to remove the charge therefor from his account; that defendants refused to remove the charge and later disposed of certain securities which plaintiff had on deposit with them for $52,925.92, used $37,500 of the proceeds of such sale to pay for the stock which they claimed they had sold to plaintiff, and credited the balance to plaintiff's account.

It is plaintiff's position that defendants' act in disposing of securities which he had on deposit with them, and using the proceeds thereof to pay for certain stocks which he did not authorize them to purchase for him, amounted to a conversion of his securities.

Defendants contend that plaintiff's petition does not state a cause of action in conversion, in that it does not allege that plaintiff had the possession or right to possession of the securities alleged to have been converted, at the time of the alleged conversion.

█ It is settled law that in an action for the conversion of personal property the failure to allege in the petition that the plaintiff had possession or the right to possession of the property sued for at the time of the conversion, amounts to a failure to state a cause of action. However, this rule of law does not mean that plaintiff must allege, in express words, that he had the possession or right of possession at the time of the conversion. Under our code there is but one form of action and the plaintiff need only allege the facts upon which he seeks to recover. The technical rules formerly applicable to the common-law action of trover cannot be applied to defeat an action for conversion in which plaintiff states facts which, if true, entitle him to the relief asked. [Knipper v. Blumenthal, 107 Mo. 665, 18 S. W. 23.] If a petition states facts from which it can be legally inferred that plaintiff had possession or right of possession at the time the property was converted, it is sufficient. [65 C. J., pp. 79, 80, sec. 130; Coal & Mining Co. v. Fuel Co., 310 Mo. 158, 169, 274 S. W. 774; Wilkinson v. Misner, 158 Mo. App. 551, 556, 138 S. W. 931.]

Wilkinson v. Misner, supra, was an action in the nature of trover as for the conversion of certain shares of stock. The facts were that plaintiff was in possession of certain shares of stock of the par value of $15,000 pledged to him by defendant as security for a loan. Defendant represented to plaintiff that if he would surrender the stock to him, he (defendant) would sell same for cash and out of the proceeds thereof would pay plaintiff $5000 on the loan, and that if he

did not succeed in so doing within thirty days he would return the shares of stock to plaintiff. The stock was delivered to defendant for the purpose mentioned and he converted same to his own use. Plaintiff brought suit for conversion of the stock. Defendant contended that the petition did not state a cause of action for the reason that it did not expressly aver that plaintiff either had possession or the right of possession of the shares of stock at the time of the conversion. The petition did not allege, in express terms, that plaintiff had possession or right of possession of the shares of stock, but it did allege facts which, if true, entitled plaintiff to possession. In holding the petition good, the court, among other things, said:

"The petition avers plaintiff was in possession of the stock and held it as collateral security for an indebtedness and delivered it to defendant for the particular purpose mentioned, and this implies that plaintiff was entitled to the possession at the time of conversion, except for the right of defendant to deal with it in accordance with his agency. It appearing from the petition, too, that defendant did not adhere to the agency involved but instead sold the stock and converted the proceeds to his own use, it is necessarily implied therefrom that plaintiff was entitled to the possession of the certificates at the time of the conversion as defendant had no right in the premises whatever except to perform the agency delegated. Everyone is estopped from taking advantage of his own wrong. [Broom's Legal Maxims, 279.] A petition not challenged by demurrer is to be considered sufficient after verdict, though it may be short in express averment, if the facts not alleged are necessarily implied or may be necessarily inferred from others set forth. In this view, the petition is obviously sufficient."

In the case at bar plaintiff deposited with or pledged to defendants securities in excess of $40,000 to secure defendants for money expended for stocks or securities which defendants bought for plaintiff on his order and for no other purpose. If defendants used such pledged securities to pay for stocks which plaintiff did not order, that amounted to a breach of the pledge and a conversion of the securities, which gave plaintiff the right to possession of such securities at that time. For the reasons stated, we hold that plaintiff's petition stated a cause of action.

Defendants further contend that they are entitled to judgment on the pleadings because the pleadings show an account stated between the parties which plaintiff admitted and paid in full.

The answer does plead that the monthly statements sent to plaintiff showed the condition of his account, and showed that stocks to the amount of $37,500 had been bought for him and charged to his account; that the agreement between the parties provided that such statements would be taken as correct unless written notice to the

contrary be given defendants within ten days after the receipt of such statement. It further pleads that plaintiff not only failed to object in writing to the correctness of said account but agreed that it was correct, certified to the correctness thereof and paid same in full. Defendants' contention that these allegations of the answer are admitted must be determined from a consideration of defendants' motion for judgment which admits all facts well pleaded in plaintiff's petition and reply.

While it appears from the petition that the monthly statements furnished plaintiff showed that stocks to the amount of $37,500 had been sold to him and the amount thereof charged against his account, the petition further alleges that plaintiff immediately notified defendants that he did not order such stock and requested them to remove the charge from his account. In this connection the reply denies that plaintiff ever agreed or certified to the correctness of said transaction, and affirmatively alleges that within ten days after receiving the monthly statement of his account showing such transaction, he made verbal complaint to defendants which they accepted and then and there waived written notice of plaintiff's complaint regarding said account. Defendants' contention that plaintiff certified to the correctness of the account is based on an allegation in plaintiff's reply to the effect that plaintiff received a request from the auditors who were auditing defendants' accounts asking plaintiff to verify and check, to which plaintiff replied, "O. K. but have since transferred account to Paul Brown and Company for good and sufficient reasons." The request of the auditors was for plaintiff to "verify and check" but what plaintiff was to verify and check is not shown by the pleadings. Whether the request of the auditors meant for plaintiff to verify and check the monthly statement of the account as rendered by defendant, or the account as represented by the audit does not appear. But be that as it may, whatever amount plaintiff O. K.'d did not make that amount an account stated. "To constitute an account stated, the debtor and creditor must both agree to the correctness of the account and in addition thereto, the debtor must agree to pay or satisfy the amount agreed upon and the creditor must agree to accept the payment of the agreed sum in satisfaction of the account." [Bloss v. Aurora Milling Company, 207 Mo. App. 402, 408, 229 S. W. 833.] Such agreements need not be shown by direct evidence but they may be inferred from the facts and circumstances. Plaintiff's O. K., whatever it meant, was not the result of an agreement, express or implied, between plaintiff and defendants, but was the result of correspondence between the auditors who were auditing defendants' books, and the plaintiff. The pleadings do not show that such auditors had authority to settle the account between plaintiff and defendants or make any agreement, either express or implied,

8

in relation thereto that would bind the parties or render the account between them an account stated. Otherwise stated, the account in question could not be made an account stated except by an agreement between plaintiff and defendants that the account as rendered by defendants was correct. No such agreement was made. On the contrary it appears from the pleadings that when plaintiff learned of the transaction in question and the charge against his account, he notified defendants that the account was not correct and requested them to remove the charge from his account. Plaintiff's admission in writing made to third parties, that the account was O. K. does not amount to a binding agreement between the parties themselves that the account was correct. Upon a trial of this cause on the merits, such written admission, if made, would be competent evidence as an admission against interest, but it does not amount to an admission that the parties agreed between themselves that the account as rendered by defendants was correct. The allegations in the answer that plaintiff paid defendants the balance due on the account at the time the account was transferred to Paul Brown & Company is not admitted by the petition or the reply, but on the contrary it is denied by the general denial contained in the reply. Our conclusion is that the pleadings do not show an account stated.

Other facts are alleged in the answer which, if true, are a complete defense to the cause of action alleged in plaintiff's petition. But these facts are denied by the reply and for that reason they furnish no ground for judgment on the pleadings. For example— the answer alleges that plaintiff ordered defendants to buy the stock; that a part of the stock in question was thereafter, at the request and consent of plaintiff, sold for $17,500 and plaintiff given credit for that amount; that when plaintiff transferred his account to another broker, he took the remainder of that stock with him. If these facts be true they furnish a complete defense to plaintiff's alleged cause of action, but since they are denied by the reply they cannot be considered on the determination of defendants' motion for judgment on the pleadings. Other facts are stated in the answer, but since they are not admitted we need not discuss them. In the determination of the two motions for judgment on the pleadings it is necessary to know whether or not the answer states a defense. The parts of the answer to which we have called attention clearly show that it does state a defense.

Plaintiff contends that he is entitled to judgment on the pleadings for the reason that the alleged contract for the sale of the stock in question was and is void.

The theory advanced in support of this contention is that the petition alleges that defendants notified plaintiff that they had sold to him (not purchased for him) the stock in question. From this

premise it is argued that the contract is within the Statute of Frauds in that it is an oral contract for the sale of stocks valued in excess of thirty dollars, and that none of the elements which would remove it from the operation of the statute are present.

Defendants are not bound by the allegations of plaintiff's petition. The general denial in the answer denies that defendants sold the stock to plaintiff. The answer affirmatively alleges that plaintiff ordered from defendants the stock in question, and that defendants thereafter received such stock on behalf of plaintiff. These allegations, in effect, mean that defendants purchased the stock for plaintiff after he ordered it. Plaintiffs' motion for judgment on the pleadings, for the purpose of the motion, admits the truth of these allegations. Where one contracts with a broker to act as his agent in purchasing stock for him, such contract is one of agency rather than for the sale of goods, wares and merchandise. Such a contract of agency is not within the Statute of Frauds.

This brings us to a consideration of the two motions for judgment on the pleadings.

No evidence is heard on a motion for judgment on the pleadings. A motion for judgment on the pleadings, for the purpose of the motion, admits the truth of all facts well pleaded by the opposite party. [State ex rel. Attorney General v. Simmons Hardware Company, 109 Mo. 118, 123, 18 S. W. 1125; State ex inf. Attorney General v. Railroad, 237 Mo. 338, 141 S. W. 643; Leahy v. Mercantile Trust Company, 296 Mo. 560, 247 S. W. 396.]

The pleadings in this case consist of plaintiff's petition, defendants' answer and plaintiff's reply. The petition states a cause of action, the answer denies the cause of action stated in the petition, then pleads an affirmative defense thereto. The reply denies the affirmative defense alleged in the answer, then affirmatively pleads certain facts. Since plaintiff's motion for judgment on the pleadings admitted, for the purpose of the determination of the motion, all facts well pleaded in the answer, the necessary effect of the motion was to withdraw or abandon the reply. This is so because plaintiff cannot, by reply, deny the facts contained in the defendants' answer, then later admit such facts by motion for judgment on the pleadings and have both pleas stand at the same time. The two positions are inconsistent. In such a situation, the motion for judgment, being the later pleading, will be regarded as an abandonment or withdrawal of the reply. [State ex rel. McEntee et al. v. Bright et al., 224 Mo. 514, 523-4, 123 S. W. 1057; State ex rel. Wagner et al. v. Fields, 218 Mo. App. 155, 263 S. W. 853.] The abandonment of the reply left the case, for the purpose of plaintiff's motion, standing on the petition and the undenied answer of defendant. That answer states a complete defense to the cause of action alleged in the petition. Since

plaintiff's motion impliedly admitted the truth of that alleged defense, plaintiff was not entitled to judgment on the pleadings.

Since plaintiff's motion for judgment on the pleadings, in effect, withdrew his reply and admitted facts well pleaded in the answer, for the purpose of the motion only, when his motion for judgment was overruled his reply was in the case for all other purposes. The admission of facts well pleaded by the opposite party, implied from a motion for judgment on the pleadings, is not an admission which establishes facts as true. The real position of the party moving for judgment is that *if* the allegations of the opposite party be true in fact, they are nevertheless insufficient in law. When his motion for judgment is overruled, the implied admissions made by the motion have served their only purpose, and the movant may still take issue on the facts. [Hale v. Gardiner, 186 Cal. 661, 664-5; Hogg v. Whitham, 120 Kan. 341, 242 Pac. 1021.] Where one party moves for a judgment and fails, the other party is not entitled to judgment if his material and controlling allegations are denied. [Smith v. Miller, 289 Pa. St. 184; Deaver v. Patterson, 119 Wash. 375, 205 Pac. 1044.] Where both parties file a motion for judgment on the pleadings, each party's right to a judgment must be determined from a consideration of his own motion as though no motion had been filed by the other party. [Hale v. Gardiner, supra.]

It follows from what we have said that in the determination of defendants' motion for judgment, we must consider plaintiff's petition which states a cause of action, defendants' answer which denies that cause of action and pleads an affirmative defense thereto, and plaintiff's reply which denies that affirmative defense.

Defendants' motion for judgment, for the purpose of the motion, admitted the cause of action stated in plaintiff's petition. Defendants will not be permitted to take inconsistent positions by denying in their answer the cause of action stated in plaintiff's petition, then later by motion for judgment admit that cause of action. The motion for judgment being the later pleading, will be regarded as withdrawing the denial contained in the answer. However, the affirmative defense contained in the answer was not withdrawn by the motion for judgment because the pleading of an affirmative defense is not inconsistent with the admission of the cause of action stated in the petition. This state of the record, for the purpose of defendants' motion for judgment, leaves plaintiff's cause of action admitted by the motion for judgment, and defendants' affirmative defense denied by the reply. In this situation defendants were not entitled to judgment on their motion.

Since neither party was entitled to judgment on the pleadings, both motions should have been overruled. It results that the trial court erred in sustaininlg defendants' motion for judgment, and for

that error the judgment is reversed and cause remanded with directions to the trial court to set aside its order and judgment rendered on defendants' motion for judgment on the pleadings and proceed with the trial of said cause in due course.

All concur.