IN THE MATTER OF BERT F. FENN.—108 S. W. (2d) 369.

Court en Banc, July 30, 1937.

*Bert F. Fenn, pro se.*

*Roy McKittrick,* Attorney General, and *Franklin E. Reagan,* Assistant Attorney General, for informants; *Cliff Langsdale, Charles M. Miller, James E. Nugent, Paul V. Barnett, Edw. D. Ellison, Raymond G. Barnett* and *W. T. Woodruff* of counsel.

LEEDY, J.—This is an original proceeding instituted by the filing of an *ex officio* information by the Attorney General, informing the court of the institution by respondent, as plaintiff, of a civil suit wherein liability is sought to be asserted against certain members of

the Bar Committee for the Eighth Judicial Circuit for acts done in their official capacities, and alleging that by reason thereof respondent is guilty of contempt, and praying that a rule issue requiring him to show cause why he should not be adjudged guilty of contempt. Our rule issued, and respondent, waiving service thereof, entered his appearance and made return. Upon the coming in of the return, the informant moved for judgment on the pleadings.

Summarized, the information (by paragraphs) pleads:

(1) Respondent's status as an attorney and member of the bar of this court.

(2) The appointment of George M. Hagee, Grover C. Sibley and Samuel H. Liberman as members of the Bar Committee for the Eighth Judicial Circuit under the rules of and by this court.

(3) The powers and duties of said Bar Committee under said rules with respect to matters of alleged professional misconduct on the part of members of the bar.

(4) The steps taken leading up to a formal hearing upon a charge or complaint alleging professional misconduct on the part of respondent, his appearance at said hearing, and the submission of said complaint to said Committee.

(5) The institution by respondent, as plaintiff, and while said complaint was still pending and under advisement and consideration by said Bar Committee, of a suit against the aforesaid members of said Bar Committee, and others, wherein and whereby it was alleged that said Hagee, Sibley and Liberman "maliciously contrived and conspired with certain others of defendants in said petition named to present evidence or affidavits to the Bar Committee for the Eighth Judicial Circuit with the intention and design to file a petition to disbar the said Bert F. Fenn from the practice of law and wherein and whereby he prays damages against defendants, including the said George W. Hagee, Grover C. Sibley and Samuel H. Liberman in the sum of $75,000.00."

(6) That in making said investigation and in the taking of evidence and testimony therein, said members of the Bar Committee "were and are acting solely in their official capacities as members of the Bar Committee for the Eighth Judicial Circuit in the State of Missouri, and in the discharge of duties imposed upon them by the rules of this court and as the officers, representatives and agents of this court."

(7) That the institution of said civil suit under the circumstances above set out "constitutes upon the part of the said Bert F. Fenn a willful and contumacious interference with the duties imposed upon the said Bar Committee, and upon the members thereof, by the rules of this court and with the procedure and processes of this court, and constitutes a contempt of this court."

(8) That as members of said Committee, and acting in their official capacities as such they "have and possess immunities and privileges appertaining unto this court, the members thereof and all officers,. representatives and agents of this court."

(9) That they are immune from any civil liability based upon their conduct while engaged in the exercise of the duties and functions imposed upon them by the rules of this court, "and that the institution of a civil suit wherein liability is sought to be asserted against members of said Committee for acts done in their official capacity constitutes a willful and contumacious disregard of the rules of this court, and an interference with the procedure and processes of this court."

(10) That the institution of said civil suit "is calculated to and will delay and disrupt the procedure fixed by the rules of this court by the investigation. of alleged misconduct upon the part of members of the bar of this court.

(11) That the filing of the said civil suit against the members of said Committee by the respondent, Bert F. Fenn, with knowledge that the members of the said Committee, and said Bar Committee for the Eighth Judicial Circuit, have under submission, consideration and investigation the alleged professional misconduct upon the part of the respondent constitutes, upon the part of the said respondent, Bert F. Fenn, a contemptuous, contumacious and willful disregard of his obligation as an officer of this court to aid and assist in the enforcement of the .rules of this court, and constitutes a willful and contumacious attempt upon the part of the respondent, Bert F. Fenn, to hinder, delay and obstruct the work of this court and of its officers, agents and representatives in the enforcement of the rules of this court.

(12) That respondent knew at the time he filed said civil suit that the said· members of said Committee were not legally liable for damages on account of acts performed by them in their official capacity; that the facts alleged in said petition were alleged to have been committed by said defendants in said civil suit as members of said Committee and in their official capacities as such; that he knew if said acts complained of were actually done and performed by said members of said Committee while acting in their official capacities, that they were not liable for damages and that he intentionally filed said suit merely to harass and injure the members of said Committee and for the purpose willfully to work a pressure and wrong upon them.

(13) That by reason of the institution of said civil suit as aforesaid, respondent is guilty of contempt of this court and that process should issue commanding him to appear and show cause why he should not be judged guilty of contempt by reason of his acts and conduct aforesaid.

Respondent's return is divided into two parts, the first of which is in the nature of a demurrer, and the second an answer or plea on the merits. The authorities are to the effect that in such a situation the respondent is in the attitude of having answered over, which effects an bandonment of his demurrer, where it is incorporated into, and made a part of his return (State ex inf. v. Armour Packing Co., 265 Mo. 121, 176 S. W. 382; State ex rel. v. Bright, 224 Mo. 514, 123 S. W. 1057, 135 Am. St. Rep. 552), and so in outlining the issues we omit reference to the demurrer. That portion of the return by which respondent pleads to the merits is as follows:

"(8) Further making return, answering said information and showing cause why respondent should not be adjudged guilty of contempt, respondent denies that the filing of the suit mentioned in said information constitutes a willful or contumacious interference with the duties upon the Bar Committee, mentioned therein, or its members, and denies that any contempt, act of disrespect, or contumacy has been committed by the respondent towards this Court.

"(9) Respondent further denies that the acts and things complained of by respondent as plaintiff in said suit constitutes any part of the duties or functions of said Bar Committee, or its members; and states that the acts and things so complained of are not included in, and form no part of, any duties or functions of said Committee, but are acts which the rules of this Court (Rule 36, Section 3) forbid, the same being the making public of the Committee's investigation, which the said rules forbid, unless at the request of the accused.

"(10) Respondent further answering said information, denies that the filing of said suit is calculated to, or will, interfere with the duties or functions of said Bar Committee in any way, and that the filing of said suit by respondent will delay or disrupt the procedure fixed by the rules of this Court for the investigation of an alleged misconduct upon the part of members of the Bar.

"(11) Further making return, answering said information and showing cause why respondent should not be adjudged guilty of contempt, respondent denies the allegations contained in Paragraphs 11 and 12 of said information, and states that said suit was filed in good faith; and respondent specifically denies that he knew that the members of the Committee were not liable for damages complained of in said suit, and denies that he intentionally filed said suit merely to harass and injure the members of said Committee, and for the purpose of willfully to work a pressure and wrong upon them, and says, that respondent was, and now is, of the belief and opinion that the members of said Committee are liable for damages on proof of the allegations of the petition in said suit.

"(12) Respondent further making return and showing cause why

he should not be adjudged guilty of contempt, alleges that he has not in the doing of any act charged as being done by him in said information, or in any other manner, been guilty of any act or contumacious conduct, but has acted in all said matter with deference and in sincerity and good faith and in due respect to this Honorable Court, and in the full faith and belief that all things done by him were necessary to the protection of his just rights and within the law and his Constitutional rights."

There can be no doubt that the effect of a motion for judgment on the pleadings is to admit all well pleaded facts in the return. As pointed out in the recent case of Cammann v. Edwards, 340 Mo. 1, 100 S. W. (2d) 846, l. c. 851, "The real position of the party moving for judgment is that if the allegations of the opposite party be true in fact, they are nevertheless insufficient in law." The first question with which we are confronted is one at the roots of the case, and vital to a consideration of the questions sought to be determined. It relates to the facts, and is whether the nature of the allegations of the petition in the offending civil suit—the basic facts upon which liability is sought to be predicated therein—may be gathered from the pleadings in the case at bar. We do not have before us a copy of the petition. It is not set out in the information or return, nor is a copy attached thereto. Looking, then, to the information and return, it will be seen that the information (paragraph 12) avers that the acts complained of in the damage suit were alleged to have been committed by the members of the Bar Committee "in their official capacity as members of said Committee." The allegations of paragraph 9 of the return are as follows: "Respondent further denies that the acts and things complained of by respondent as plaintiff in said suit constitutes any part of the duties or functions of said Bar Committee, or its members; and states that the acts and things so complained of are not included in, and form no part of any duties or functions of said Committee, but are acts which the rules of this court (Rule 36, Section 3) forbid, the same being the making public of the committee's investigation." If that portion of the paragraph following the semicolon be treated as pleading a conclusion (and therefore not admitted by the motion for judgment), we are still left with the question as an issue of fact because of the denial. Being left in the dark on that issue, and so unable to determine one of the controlling facts out of which the alleged contempt arose, we must withhold determination of the very important questions of law thought to be involved at the time the citation was issued, and briefed by the informant. The citation will, therefore, be quashed and respondent discharged. It is so ordered. All concur, except *Douglas, J.*, not sitting, because not a member of the court when cause was submitted.