F. A. CAMMANN, Appellant, v. ALBERT N. EDWARDS, J. M. WOODS, PRESLEY EDWARDS, BEN F. EDWARDS as partners doing business under the firm name of A. G. EDWARDS & SONS.—117 S. W. (2d) 1077.

Division One, June 20, 1938.

*Charles A. Lich* and *Louis L. Hicks* for plaintiff.

*Jeffries, Simpson & Plummer* for respondents.

GANTT, J.—Action in conversion for $37,500. Judgment for defendants and plaintiff appealed. The opinion on the first appeal is reported in 340 Mo. 1, 100 S. W. (2d) 846.

The pleadings are correctly summarized by plaintiff as follows:

The plaintiff's petition alleged that he employed the defendants as his broker to buy and sell stocks and securities for him on margin; that he had on deposit with the defendants money and securities in excess of $40,000; that defendants, without authority or order from plaintiff, assumed to sell to him certain stocks for $37,500 and charged that sum against his account; that when plaintiff discovered this transaction he notified defendants that he had not ordered such stocks and requested defendants to remove the charge therefor from his account; that defendants refused to remove the charge and later disposed of certain securities which plaintiff had on deposit with them for $52,925.92, used $37,500 of the proceeds of such sale to pay for the stock which they claimed they had sold to plaintiff, and credited the balance to plaintiff's account; that defendants' act in disposing of securities which plaintiff had on deposit with them and using the

proceeds thereof to pay for certain stocks which he did not authorize them to purchase for him amounted to a conversion of his securities.

In addition to a general denial, defendants affirmatively defended on the ground that there was an account stated between the parties; that under the terms of the contract under which the account was opened they possessed the right to sell any or all of plaintiff's securities; that the plaintiff ratified the alleged purchase by subsequent acts and conduct; that the plaintiff failed to give ten days' written notice of any error in the account after the receipt of the monthly statements; that the plaintiff ratified the transaction by paying the debit balance due on his account and in ordering the securities transferred to another brokerage firm.

Plaintiff by way of reply, in addition to a general denial, pleaded that the transaction violated the statutes of fraud; that the defendants waived written notice of any errors in the monthly accounts; and that the payment of $8085.42 incident to the transfer of the account to another brokerage firm was under compulsion and did not constitute ratification.

There was evidence tending to sustain the allegations of the petition. In this situation the court instructed the jury as follows:

"The Court instructs the jury that on and prior to October 7, 1929, the plaintiff or his mother, Celestine Cammann, had on deposit with the defendants certain securities including 200 shares of Landis Company stock and 1,000 shares of Wagner Electric Company stock as collateral security for a debit balance then owing to the firm of A. G. Edwards & Sons, and that at said time there was in force and effect an agreement signed by plaintiff's mother, Mrs. C. Cammann, providing that whenever deemed necessary for the protection of A. G. Edwards & Sons that said firm was authorized and empowered to sell all or any part of said deposited securities without demand for margin or advertisement or notice; and if you find and believe from the evidence that on said October 7, 1929, the said firm deemed it necessary for their protection to sell said 200 shares of Landis Company and said 1,000 shares of Wagner Electric stock, and that said firm did sell said stock for the aggregate sum of $52,975.92, and that said sum was the market value of said stock at said time, and that the said firm credited said amount against the debit account of said Celestine Cammann, then your verdict should be in favor of the defendants."

Plaintiff assigned error on this instruction. The agreement mentioned in the instruction did not authorize defendants to sell plaintiff's securities for the protection of an unauthorized debit on plaintiff's account with defendants. The instruction wholly ignored the major issue as to whether or not defendants charged plaintiff with $37,500 for securities not ordered by plaintiff. Furthermore, the in-

struction ignored other issues in the case. In effect, it directed a verdict for defendants. The judgment should be reversed and the cause remanded. It is so ordered. All concur, except *Hays, J.*, absent.