THE RALPH D'OENCH COMPANY, a Corporation, (Plaintiff) Respondent, v. ST. LOUIS COUNTY CLEANING AND DYEING COMPANY, a Corporation, (Defendant) Respondent, PETER W. RANFT and LYDIA RANFT, His Wife, (Defendants) Appellants, and MERCANTILE-COMMERCE BANK & TRUST COMPANY of ST. LOUIS, a Corporation, (Defendant) Respondent.—No. 41090.—218 S. W. (2d) 609.

Division Two, March 14, 1949.

*Milton F. Napier* and *Louis E. Zuckerman* for appellants.

C. C. *Wolff* and *A. E. L. Gardner* for St. Louis Cleaning & Dyeing Company, respondent.

*John W. Giesecke* for respondent Ralph D'Oench Company; *Ackert, Giesecke & Waugh* of counsel.

[610] TIPTON, P. J.—The petition in this case, in the nature of an interplea, was filed in the circuit court of St. Louis County and was assigned to division three of that court. The appellants Peter W. Ranft and Lydia Ranft and respondents St. Louis County Cleaning

and Dyeing Company and Mercantile-Commerce Bank & Trust Company were made defendants. After the pleadings were closed the plaintiff-respondent filed a motion for a judgment on the pleadings which was sustained. A judgment was entered against appellants on the theory that the issues had been determined in a prior suit in another case in division one of that court and, therefore, such issues are res adjudicata in this suit.

The Ralph D'Oench Company will be referred to throughout this opinion as the escrow agent, the St. Louis County Cleaning and Dyeing Company as the purchaser, the Ranfts as the sellers and the Mercantile-Commerce Bank & Trust Company as the bank.

The petition of the escrow agent stated that an escrow agreement was entered into between the escrow agent, the sellers and the purchaser in which the purchaser agreed to purchase certain real estate from the sellers; that under this agreement the sellers executed a warranty deed to the purchaser and it was placed with the escrow agent; that the purchaser executed a note for $9,000 secured by a deed of trust, the unpaid purchase price of the real estate, which was also deposited with the escrow agent pending tax and insurance adjustments to be made by the purchaser; that the sellers were to discharge a deed of trust securing a $20,000 note held by the bank; that when the tax and insurance adjustments were made and the deed of trust held by the bank discharged, then the escrow agent was to deliver the deed of trust and the $9,000 note to the sellers and the warranty deed was to be delivered to the purchaser; that the purchaser had paid to the escrow agent $1,679.86 on the $9,000 note and the sellers had accepted $911.03 of that sum but had refused to accept the balance, and had also refused to discharge the deed of trust held by the bank and had refused to carry out the terms of the escrow agreement; that the purchaser desired to perform its part of the agreement and pay in full the balance of the $9,000 puchase note but the sellers refused to accept the $9,000 note and deed of trust or the proceeds thereof and demanded that their warranty deed be returned to them. The effect of the prayer of the petition was that the sellers and purchaser be required to perform their agreements.

The purchaser entered its appearance and filed its answer, admitting all of the allegations of the escrow agent's petition. The bank's answer asserted ownership of the $20,000 deed of trust and stated that there was an outstanding balance of $526.66.

[611] The answer of the sellers admits an agreement to sell the real estate described in the escrow agent's petition and states that there was an escrow agreement but contends that the escrow agreement was not the one described in the petition; that the agreement to sell the property was subject to certain conditions and restrictions as contained in their warranty deed; that the sellers kept and performed their agreement, but that the purchaser violated the escrow agreement by

violating the conditions and restrictions contained in the deed; and that they have demanded a return of the warranty deed held by the escrow agent but it has refused that demand. The sellers also filed a cross petition for damages because of this alleged breach of covenants and conditions and the failure of the escrow agent to redeliver the warranty deed to them, and they claim damages in the sum of $10,000 against the purchaser and the escrow agent.

A reply and crossbill in two counts was filed to sellers' pleadings by the purchaser. Count one alleged that the issue raised by the sellers' pleadings were raised in their pleadings in an interplea suit filed by the escrow agent against the sellers and the purchaser, case No. 169149, assigned to division one of the St. Louis County circuit court, in which the same issues raised by the sellers were found against the sellers in a final judgment in that suit, and that that judgment is a final and conclusive determination of the issues raised in the sellers' counterclaim. Count two of this pleading asked that the agreement be enforced and asked for an accounting to determine the amount of money owed by the purchaser on the $9,000 note.

To the purchaser's reply the sellers filed a reply denying purchaser's reply to count one and denying paragraph four of count two.

The escrow agent then filed a motion for a judgment on the pleadings which was sustained and a judgment later was entered which briefly is as follows: That upon the payment of $8,054.01 by the purchaser to the escrow agent and the satisfaction and release of the deed of trust held by the bank, the escrow agent shall deliver the warranty deed held by it to the purchaser and the escrow agent shall pay the balance held by it to the sellers after first deducting the costs of the proceeding; also, that the issues raised in the answer of the sellers were adjudicated in the prior suit mentioned in purchaser's reply.

We agree with the escrow agent's brief that "the only issue here for determination is whether on the motion for judgment on the pleadings, the trial court could properly take judicial notice of its own records. As the trial court pointed out in his memo, the matter here is res adjudicata, but to apply it in this case on the motion the court had to judicially notice its decree and the pleadings in the earlier case."

In other words, on a motion for a judgment on the pleadings, must a trial court look only to the pleadings or can the trial court take judicial notice of a former case in that court and render a judgment where the pleadings show there is an issue of facts, as in the instant case, on the theory that the issues are res adjudicata?

"No evidence is heard on a motion for judgment on the pleadings. A motion for judgment on the pleadings, for the purpose of the motion, admits the truth of all facts well pleaded by the opposite party." Cammann v. Edwards, 340 Mo. 1, 100 S. W. 2d 846, l. c. 850. "If an issue of fact is presented by the pleadings the motion should be

·denied. Sullivan v. Bank of Harrisonville, supra. [293 S. W. 129]''
Baker v. Lamar, 140 S. W. 2d 31, l. c. 34.

In the case at bar, the sellers filed an answer and a counterclaim.
To this the purchaser filed a reply stating that the issue made by the
counterclaim had been adjudicated in the prior suit mentioned above
and that that judgment was binding on the sellers in this suit. The
purchaser also asked for an accounting between it and the sellers.
The sellers filed a reply to the purchaser's pleadings and made a
general denial to that part of the purchaser's pleadings which pleaded
res adjudication. Thus we have an issue of fact presented by the
pleadings of the purchaser and sellers on the question of res adjudi-
cata. [612] Thereafter, the escrow agent filed a motion for a judg-
ment on the pleadings, and paragraph four of that motion asked the
court to receive in evidence ''the file in case of Ralph D'Oench v. St.
Louis County Cleaning and Dyeing Company, et al., cause No. 169149
in Division No. 1 of this honorable court.''

As previously stated, the trial court sustained the motion for a judg-
ment on the pleadings and rendered a judgment against the sellers.
In a memorandum opinion filed on the motion for a rehearing, the
trial court stated that the court took judicial notice of the decree in
the former suit.

It necessarily follows that the trial court did receive in evidence the
files in the prior suit as requested in the motion for a judgment on
the pleadings. These files were not necessarily formally offered in evi-
dence but whether they were or were not, the files were evidence that
the trial court had to take into consideration in sustaining the motion
for a judgment on the pleadings. The judgment in this case was not
based upon facts found in the pleadings but upon evidence. Judicial
notice is but a branch of evidence. 31 C. J. S. 509. This action of the
trial court is contrary to our rulings in Cammann v. Edwards, supra;
Sullivan v. Bank of Harrisonville, 293 S. W. 129; and Baker v. Lamar,
supra.

In his memorandum opinion the trial court based his decision on
the case of Knorp v. Thompson, 352 Mo. 44, 175 S. W. 2d 889. This
case is relied upon by both the escrow agent and the purchaser. That
case was a suit for the wrongful death of plaintiff's husband who was
killed at the same time that a man named Hutchison was killed. A
suit was filed by Hutchison's widow for his wrongful death. In ruling
the Knorp case the Kansas City Court of Appeals held that it could
take judicial notice of the Hutchison case (a companion case) to sup-
plement the evidence in the Knorp case but not contradicted by the
evidence in the companion case. When we reviewed the Knorp case we
held the Kansas City Court of Appeals erred by so holding. In that
case we said:

''But it is just that a party should have the issues of fact of his case,
or of his defense, decided, and the sufficiency of the evidence thereon

reviewed, upon evidence lawfully introducd in the trial of his case, or defense, in the trial court. It is there that he has the opportunity to confront and cross-examine the witnesses who may testify against him and examine such documentary proof as may be introduced into evidence by the adverse party. It is only in the trial court that a party has an opportunity to rebut, impeach, or explain, if he can, such evidence as may be adverse to his cause. And a party may justly be required to introduce in the trial court the evidence upon which he depends to sustain his case, or defense, for there only the adverse party has the opportunity to confront the witnesses, examine the documentary proof and rebut, impeach, or explain such evidence as may appear adverse to him. It is not just that a court should, in deciding the issues of a case, consider evidence introduced in another and different case, and thus decide a case upon evidence which a party had been afforded no opportunity to refute.'' L. c. 894.

The ruling in the Knorp case does not support the action of the trial court.

From what we have said, it follows that the trial court erred in sustaining the motion for a judgment on the pleadings. It may be that the issues in this case were adjudicated in the former case but such fact does not appear in the pleadings. The question of res adjudication is an affirmative defense (847.40 Code of Civil Procedure) and this question can be determined in a trial upon the merits.

The judgment of the trial court is therefore reversed and remanded for a trial upon the merits. All concur.