CENTURY ELECTRIC COMPANY, a Corporation, Appellant,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Respondent.

No. 53052.

Supreme Court of Missouri, Division No. 2.

April 8, 1968.

Thomas J. McGarry, St. Louis, for appellant.

Gerald K. Presberg, St. Louis, for respondent.

PRITCHARD, Commissioner.

Appellant sought judgment on the theory of unjust enrichment against respondent for the value of a travelling crane situated on the latter's premises (a portion of which was going to be condemned for highway purposes) which had, since June 1, 1926, been under written lease to appellant. The prayer for damages was $95,000. Upon respondent's motion for judgment on the pleadings the trial court dismissed appellant's petition and the propriety of that action is now before this court.

Count II of the petition alleges that on June 1, 1926, the parties entered into a continuing lease for unimproved land, which provided that appellant could erect a large travelling crane on the premises and place supports for the crane on adjacent premises of respondent. It was alleged that the lease could be terminated by either party on six months' notice; that it was the intent of the parties that the lease would be exceptionally long (in term); and it was silent as to whether appellant's improvements would be classed as real or personal property.

It is then alleged that all rents and taxes have always been timely paid by appellant, that it did erect a large travelling crane upon the leased premises and used both of the same continually and without interference in connection with its adjoining five-story warehousing operation since June 1, 1926. Respondent, under a reservation in the lease, used the crane free of charge when it was not in use by appellant.

By paragraph 6 of the petition it was alleged that the Missouri State Highway Commission had announced that it would take a portion of the premises for highway construction, affecting the lease, and had started negotiations prior to actual condemnation, and in its appraisal included the crane as part of the proposed condemnation award.

On November 19, 1965, respondent served notice upon appellant that it desired to ter-

minate the lease on June 1, 1966, and has failed and refused to determine and settle or even discuss with appellant the portion of the total award in condemnation properly belonging to it. It is alleged also that the reason for giving the notice to terminate the lease was to gain complete domination and control of the leased premises prior to condemnation award, and hold for respondent's benefit the portion of the total award belonging to appellant by reason of the complete removal of the crane. It is alleged that by its bad faith termination of the lease of 40-years' duration, respondent will unjustly enrich itself in the amount of $95,000, by refusing to reimburse appellant for the value of its improvements.

Respondent's motion for judgment on the pleadings is on these grounds: "1. That there is no dispute as to any material fact in this case and said pleadings, with exhibit annexed, show on their face that Defendant is entitled to judgment as a matter of law. 2. That the Petition filed in this case fails to state any facts upon which any relief can be granted to Plaintiff and fails to state a cause of action against this Defendant."

Apparently Count I of the petition, not included in the transcript of the record, was for an injunction as there is in the transcript a "Return to Order to Show Cause" filed by respondent as to why a temporary injunction should not be granted as prayed for in the petition. This return was refiled as respondent's answer on March 24, 1967 (apparently to Count I but it also has admissions and denials relevant to Count II, and the lease between the parties is attached and incorporated by reference in the pleading), and on April 19, 1967, an answer was filed to Count II of appellant's first amended petition. That answer admits the corporate existence of the parties, that they entered into the lease June 1, 1926, that it was terminated by notice, and that the travelling crane was erected on the premises by appellant. All other averments of the petition are denied. Then respondent alleged that it

"agrees Plaintiff may remove the aforesaid travelling crane from Defendant's premises, provided, such removal is accomplished by Plaintiff within 30 days after its removal is required to accommodate the construction program of the Missouri Highway Department as evidenced by written demand for such removal from said department and, provided further, this agreement shall in no manner alter or affect the termination of said lease and defendant's rights thereunder as accomplished by the aforesaid notice of termination." The motion for judgment on the pleadings was sustained by the trial court on April 5, 1967.

■ Section 509.360, RSMo 1959, V.A.M.S., and Civil Rule 55.39, V.A.M.R., provide that "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." For the purposes of the instant motion the pleadings are treated as closed when the "Return to Order to Show Cause" was refiled as an answer on March 24, 1967, it having allegations meeting those of Count II of the petition. The answer of April 19, 1967, being after the motion was ruled upon, would have had no effect upon the pleadings and, of course, could not have been considered by the court in ruling upon the motion.

■■ By the allegations of appellant's petition, considered as true for the purposes of the motion (Ralph D'Oench Co. v. St. Louis County Cleaning & Dyeing Co., 358 Mo. 1072, 218 S.W.2d 609, 611 [1]), it is apparent that it is seeking compensation for something that is attached to the realty as an improvement. It is alleged that appellant is entitled to a portion of an award in condemnation to be paid respondent and that the appraisal negotiations of the condemnor included the travelling crane. The lease here is silent as to the ownership of the improvements upon termination of the lease. In such case the rule in this state is set forth in Buhlinger v. United Firemen's Ins. Co. of Philadelphia, Mo.App., 16 S.W.

2d 699, 701, where it was said, "There is no provision authorizing lessee to remove any building that he might erect during the life of the lease, and, therefore, the building which he erected became a part of the realty. Thompson on Real Property (1924) §§ 149, 172, 179; Schneider v. Bulger (Mo. App.) 194 S.W. loc.cit. 739; McAllister v. Reel, 59 Mo.App. loc.cit. 74." In the there cited McAllister case the lease provided that lessee would be compensated for improvements in the event of a sale; it was held that condemnation of the property was not a sale; and it was said, "The improvements when made became the property of the defendant, as there was nothing in the lease authorizing their removal, or requiring that they should be paid for at the end of the term. The plaintiff was only entitled under the lease to pay for the improvements, in case the defendant should sell the premises prior to the expiration of the leasehold. The defendant did not sell, but the property was taken for public use." (59 Mo.App. loc.cit. 74.)

■ It is alleged that the lease was terminated pursuant to six months' notice as provided therein. As there was a legal right of either party so to terminate the lease, that act was not wrongful as to appellant. It is not of any significance that the condemnor in negotiations appraised the crane with the property, as alleged. It is proper for the *whole* property to be valued in condemnation without regard as to who put improvements thereon or the right to remove them (which are matters to be considered when it comes to apportioning the damages between owner or lessees, if any right therein exists). City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600, 607 [15, 22].

■ No facts are pleaded by appellant to show that it is entitled to any compensation on its theory of unjust enrichment. Hoff-

man v. Hogan, 345 Mo. 903, 137 S.W.2d 441, had in it an initial agreement between landlord and tenant that the latter could rent the balance of land (above 140 acres) to others and sell the land, and there was an understanding that lessee was authorized to clear the land and make improvements. The fact here that respondent could, under the reservation in the lease, use the crane free of charge, would raise no implication that it was to reimburse appellant for its value at the termination of the lease. The Hoffman case is inapplicable. It is not here alleged that the travelling crane is an item such as a trade fixture (36A C.J.S. Fixtures § 33, pp. 681, 682) which could be removed without material injury to the realty. See also 51 C.J.S. Landlord and Tenant § 394c, pp. 1137, 1138. It is nowhere alleged that appellant is entitled, by reason of facts and circumstances, to remove the crane and that respondent is wrongfully refusing to permit such removal. It is alleged only that respondent has failed and refused to settle or even discuss with appellant the portion of the total award in condemnation properly belonging to it. Under the foregoing authorities, appellant has failed to plead facts showing it has a right to any such award. See also Annotation, 3 A.L.R.2d 286, 305, § 9; and 29A C.J.S. Eminent Domain § 175(2), p. 752. The trial court did not err in sustaining the motion for judgment on the pleadings.

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.