**FIRST NATIONAL BANK OF CLAYTON,**
a Corporation, Respondent,

v.

**TRIMCO METAL PRODUCTS COMPANY,**
a Corporation, et al., Appellants.

**No. 53099.**

Supreme Court of Missouri,
Division No. 2.

July 8, 1968.

Jack J. Schramm, Phillip B. Sachs, and Zimbalist, Sachs, Schramm & Branom, Clayton, for respondent.

Richard B. Dempsey and Dempsey & Dempsey, Clayton, for appellant.

DONNELLY, Judge.

This is a replevin action brought by First National Bank of Clayton against Trimco Metal Products Company, a corporation, and Delores Williams. The Bank dismissed without prejudice as to Delores Williams and Delores Williams dismissed her counterclaim without prejudice. The Bank moved for judgment on the pleadings, the motion was sustained, and judgment for possession of the property was entered for the Bank. Trimco appealed. We have jurisdiction because the value of the property is $20,267.64. Fergusson v. Comfort et al., 264 Mo. 274, 174 S.W. 411.

The petition alleges, in part, that on May 17, 1963, Trimco executed a promissory note secured by a chattel mortgage with right of possession upon default, and that

Trimco defaulted in payment. Trimco admits its execution of the note and mortgage but "denies that it was or now is the owner of the equipment referred to in the said petition." Trimco asserts that Delores Williams was and now is the owner of the equipment and that the Bank had knowledge of this fact when the note and mortgage were executed.

Trimco asserts the Bank has no right to possession because Delores Williams is and was the owner of the property. We do not agree. In Pearl v. Interstate Securities Co., 357 Mo. 160, 164, 206 S.W.2d 975, 978, this Court en Banc stated:

 "It is true that recovery in either replevin or conversion depends on the strength of plaintiff's own claim and not on the weakness of defendant's. However, as held in Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d [764] loc. cit. 767, 94 A.L.R. 941, 'the fact that a third person * * * may have some interest in the property will not preclude replevin by one having the right to possession as against the defendant sued.' Therefore, even though plaintiff did not have the legal title, he could recover from one without any right if he could show that he had a special property or interest in the cars which gave him the right to the possession thereof."

Trimco admits the execution of the chattel mortgage. This gives the Bank, as against Trimco, a "special property or interest" in the equipment sufficient to sustain the Bank's action in replevin. The fact that the equipment belonged to Delores Williams is no defense in this case. Trimco could not mortgage Delores Williams' property. However, her rights are not impaired by a judgment in an action against Trimco alone. Delores Williams is no longer a party and she is not bound by the judgment entered. She is free to assert her rights, if any, against the Bank, and Trimco, in a separate action. She may be entitled to take possession of the property from the Bank. However, as between the Bank and Trimco, Trimco may not defend against its own chattel mortgage on the ground that it did not own the equipment.

We recognize that a motion for judgment on the pleadings should not be sustained if there exists a material issue of fact. Ralph D'Oench Co. v. St. Louis County Cleaning & Dyeing Co. et al., 358 Mo. 1072, 1075–1076, 218 S.W.2d 609, 611. However, in view of Trimco's disclaimer of ownership, no material issue of facts exists.

The judgment is affirmed.

ADAMS, Special Judge, and FINCH, P. J., concur.

EAGER, J., not sitting.