Tracy Lynn **SHERMAN**, Appellant,

v.

**MISSOURI PROFESSIONALS MUTU-AL–PHYSICIANS PROFESSIONAL INDEMNITY ASSOCIATION (MPM-PPIA), Respondent.**

**WD 79836**

Missouri Court of Appeals, Western District.

OPINION FILED: March 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2017

See also, 2017 WL 968734.

Douglas Ponder and Jaclyn M. Zimmerman, St. Louis, MO, Attorneys for Appellant.

Hamp Ford and Jill R. Jackson, Columbia, MO, Attorneys for Respondent.

Before Division Three: Karen King Mitchell, Presiding Judge, and Victor C. Howard and Gary D. Witt, Judges

Karen King Mitchell, Presiding Judge

Tracy Sherman appeals from the trial court's grant of Missouri Professionals Mutual–Physicians Professional Indemnity Association's (Insurer's) motion for judgment on the pleadings in her garnishment action under § 379.200.[1] Because the abatement doctrine required the trial court to either stay or dismiss the matter without prejudice, we reverse the entry of judgment on the pleadings and remand for further proceedings consistent with this opinion.

1. All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2015 Cumulative Supplement, unless otherwise noted.

## Background [2]

Sherman obtained a tort judgment against Dr. Michael Kaplan for $500,000, pursuant to a settlement agreement under § 537.065. After that judgment became final, Sherman filed a separate garnishment action under § 379.200 against Insurer, who had issued a professional liability policy to Dr. Kaplan with a liability limit of $500,000. After being served with the garnishment action, Insurer filed a motion to intervene in the underlying tort suit and set aside the $500,000 judgment against Dr. Kaplan. Insurer's motions were granted, and the underlying tort judgment was set aside.[3] Insurer then filed a motion for judgment on the pleadings, or in the alternative to dismiss, in the garnishment action, asking the court to take judicial notice of the underlying tort file and the court's ruling setting aside the tort judgment. The garnishment court took judicial notice as requested and offered to stay the matter, but Sherman opposed a stay, seeking instead the opportunity to appeal. The garnishment court then granted judgment on the pleadings in favor of Insurer due to the lack of a valid, underlying judgment. Sherman appeals.

## Analysis

Sherman raises a single point on appeal; she argues that the trial court erred in granting Insurer's motion for judgment on the pleadings because she had a valid

judgment insofar as the trial court in the underlying tort action lacked jurisdiction to allow Insurer to intervene and to set aside the original judgment.

In the underlying tort action, after granting Insurer's motion to intervene and in determining whether to grant Insurer's motion to set aside the original tort judgment, the trial court necessarily had to determine the validity of the underlying tort judgment. In seeking a judgment on the pleadings in the garnishment action, Insurer was injecting into the garnishment case the issue of the validity of the underlying tort judgment. As the garnishment action then involved "the same subject matter and parties as a previously filed action so that the same facts and issues [we]re presented," the issue came squarely within the abatement or "pending action" doctrine. *Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc.*, 183 S.W.3d 635, 641 (Mo. App. S.D. 2006).

■■■ "Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *U.S. Bank, N.A. v. Coverdell*, 483 S.W.3d 390, 401 (Mo. App. S.D. 2015) (quoting *HTH Cos., Inc. v. Mo. Dep't of Labor & Indus. Relations*, 154 S.W.3d 358, 361 (Mo. App. E.D. 2004)).[4] "The 'pen-

---

**2.** When reviewing the grant of a motion for judgment on the pleadings, we review the allegations in the petition to determine whether the facts pleaded therein are insufficient as a matter of law. *Pestka v. State*, 493 S.W.3d 405, 408 (Mo. banc 2016). We assume the truth of all facts pled by the non-moving party. *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 134 (Mo. banc 2000).

**3.** In *Sherman v. Kaplan*, WD79718, also handed down today, we determined that the trial court in the underlying tort action erred in

allowing Insurer to intervene and set aside the judgment that is the subject of the garnishment action in this appeal. Facts relevant to the underlying tort action and resulting judgment are more thoroughly detailed in that opinion.

**4.** The rationale for this doctrine is two-fold: "The first is to avoid confusion, inefficiency and unseemly 'turf battles' between courts[, and t]he second is to avoid inherently conflicting judgments, both enforceable on their face, in totally inapposite manners." *Kelly v. Kelly*,

dency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate the later action.'" *Id.* (quoting *Hubbard v. Mercantile Bank of Kansas City*, 773 S.W.2d 517, 519 (Mo. App. W.D. 1989)).

> To permit both suits to continue "would cause unseemly clashes of authority between courts of equal dignity and jurisdiction, and would permit one, in the midst of a lawful exercise of jurisdiction first obtained by the other, to step in and overthrow the proceedings thus rightfully instituted and lawfully carried out by the other. It seems clear this should not be allowed. ..."

*In re Moreau*, 161 S.W.3d 402, 407 (Mo. App. S.D. 2005) (quoting *State ex rel. Coffield v. Buckner*, 198 Mo.App. 230, 200 S.W. 94, 96 (1917)). Accordingly, once the issue in the garnishment proceeding evolved into the determination of the validity of the underlying tort judgment and propriety of the decision of the court in the underlying tort suit to set aside its own judgment, the garnishment court was left with only two options—either stay the garnishment proceedings pending the outcome of the underlying tort suit or dismiss the garnishment proceedings without prejudice.

▇▇▇ Here, though the trial court apparently offered to stay the proceedings, Sherman was opposed. In response, the trial court granted Insurer's request for judgment on the pleadings, rather than take the only other option available—dismissal without prejudice—under the pending action doctrine.[5] As a result, we are faced with the same issue (validity of the September 28, 2015 judgment and the judgment allowing intervention and setting aside the September 28, 2015 judgment) in two separate appeals. We do not allow parties to litigate the same claim against the same opponent in simultaneous appeals because doing so could result in either wasteful duplication or inconsistent judgments. *In re KCP & L Greater Mo. Operations Co.*, 408 S.W.3d 175, 188 n.17 (Mo. App. W.D. 2013), *as modified* (June 25, 2013). And "[t]he goal of avoiding inconsistent judgments is not flexible." *Id.*

After the court in the underlying tort suit set aside its original judgment, Sher-

---

245 S.W.3d 308, 313 (Mo. App. W.D. 2008) (internal quotations omitted). *But see State v. Alqabbaa*, SD33783, —— S.W.3d ——, ——, 2016 WL 1253847, at *3 (Mo. App. S.D. Mar. 30, 2016) (holding that "[t]he trial court in Case Two was mistaken ... in relying on a nullity arising out of Case One—a purported dismissal with prejudice—as a final judgment with preclusive effect over charges against Alqabbaa in Case Two. Such reliance was prejudicial and in error.").

5. It appears that the trial court may have erred in granting judgment on the pleadings for a separate reason. The garnishment court granted the motion only after taking judicial notice of the rulings in the underlying tort action granting intervention and setting aside the underlying judgment. Rule 55.27(b) states that, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court,

the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04 ...." "Judicial notice is but a branch of evidence." *Ralph D'Oench Co. v. St. Louis Cty. Cleaning & Dyeing Co.*, 358 Mo. 1072, 218 S.W.2d 609, 611 (1949). Thus, upon taking judicial notice of the set aside ruling in the underlying tort action, the court transformed Insurer's motion for judgment on the pleadings into a motion for summary judgment, which then had to comply with Rule 74.04. But because there was no compliance with Rule 74.04 as it pertained to Insurer's request for judgment on the pleadings, granting summary judgment would have been improper and subject to reversal. *Dilley v. Valentine*, 401 S.W.3d 544, 550 (Mo. App. W.D. 2013). "The parties may not waive non-compliance with Rule 74.04." *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 637 (Mo. App. E.D. 2000).

man appealed both that ruling and the trial court's ruling allowing Insurer to intervene. In case number WD79718, *Sherman v. Kaplan*, also handed down this date, we held that the trial court lacked jurisdiction to grant Insurer's motion to intervene and, therefore, erred in setting aside the underlying tort judgment on Insurer's motion. If the garnishment court's grant of judgment on the pleadings were allowed to stand in this appeal, the result would be inconsistent judgments. Accordingly, because the trial court erred under the "pending action doctrine," in granting judgment on the pleadings, rather than staying or dismissing the garnishment action without prejudice,[6] we must reverse its judgment and remand for further proceedings consistent with this opinion.[7]

### Conclusion

The trial court's grant of judgment on the pleadings is reversed, and the matter is remanded for further proceedings consistent with this opinion.[8]

Victor C. Howard and Gary D. Witt, Judges, concur.

---

6. By this opinion, we do not mean to imply that one court may not rely on the actions or judgments of another court. For even if the garnishment court's actions here were held not to be erroneous, we would still reverse its decision because it is now apparent that the entire foundation for its judgment (the setting aside of the underlying judgment) is "without any validity, force, or effect, and ought never to have existed." *Butler v. Eaton*, 141 U.S. 240, 244, 11 S.Ct. 985, 35 L.Ed. 713 (1891). Under these circumstances, even in the absence of error, we may reverse a lower court's judgment. *Id.*

7. Insurer filed a motion to strike Patient's Reply Brief in this appeal on the ground that Patient allegedly relied on "new unsupported 'facts' " in its reply brief. Specifically, Insurer argued that Patient included factual representations regarding comments made by Judge Beetem at the May 26, 2016 hearing on the

Motion for Summary Judgment and Motion for Judgment on the Pleadings. The alleged unsupported facts are not relevant to this court's analysis and thus Insurer's Motion to Strike is denied.

8. Because the judgment on the pleadings is reversed, the garnishment action remains pending. During that proceeding, Insurer remains free to pursue whatever defenses it could have raised against a claim by its insured. *See Cook v. McCoy*, 118 S.W.2d 1043, 1046 (Mo. App. 1938) ("whatever defense the garnishee could urge against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee.").

