Dwight K. Scroggins, Jr. Prosecuting Attorney Buchanan County, Missouri Buchanan County Court House St. Joseph, MO 64501
Dear Mr. Scroggins:
You have asked whether a city may purchase computer software for its municipal court with capital improvement sales tax money. For the reasons set forth below this office believes that it is improper to do so except in the circumstances described in this letter.
Section 94.577 RSMo 1999 Supp. authorizes certain municipalities to impose a one-eighth, one-fourth, three-eights, or one-half of one percent sales tax for funding capital improvements, including the operation and maintenance of such improvements. Such a tax must be approved by the voters. A special trust fund must be established in which all revenue generated from the tax must be deposited and all such revenue shall be used solely for capital improvements, including the operation and maintenance of such capital improvements. See subsection 94.577.3 RSMo 1999 Supp.
It is clear that computer software is not itself a capital improvement. Software can be easily moved and replaced. Although put into the computer, it is not normally an integral part of a building. A capital improvement can be buildings, sidewalks, parking facilities and even "green ways." However, software of a computer is not, in and of itself, a capital improvement.
The next issue is whether computer software can be classified as the operation or maintenance of such improvements. Improvements have been defined as those things firmly affixed to property that could not be removed without a complete dismantling.Hayslett v. Harnischfeger Corp., 815 F. Supp. 1294 at 1298 (W.D.Mo. 1993). An improvement has also been explained as something whose construction involved the expenditure of labor and money, land was made more useful and it was an essential component for the functioning of the item. James v. Union Election Co.,978 S.W.2d 372 (Mo.App. 1998). While computer software costs money, makes the computer more useful and is an essential component of the computer, it is not those things for a capital improvement. Therefore expenditures from sales tax money dedicated to capital improvements cannot be justified as an "operation" of a capital improvement.
While "maintenance" has been defined in other contexts, e.g.,see, Sections 227.210 and 290.210(4) RSMo 1986, the legislature has provided no definition for the term as used in Section 94.577
RSMo Supp. Therefore, we must construe this word in the context of this section. The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plan and ordinary meaning. Wolff Shoe Company v.Director of Revenue, 762 S.W.2d 29, 31 (Mo.banc 1988).
The language in Section 94.577 refers to the maintenance of the facilities and buildings constructed with revenues raised pursuant to that statute. The maintenance of those facilities and buildings would thus include any expenditures for the purposes of upkeep and to keep the facilities and building in a state of good repair. This office does not believe that the meaning of the term "maintenance" would normally include computer software.
In Attorney General Opinion Letter No. 28-90, a copy of which is enclosed, we interpreted the word "maintenance" in the context of Section 67.550.3 RSMo Supp. 1989 and determined it "includes expenditures for the purposes of upkeep and to keep the facilities and buildings in a state of good repair." Id. at 3. See also
Attorney General Opinion No. 14-88, a copy of which is enclosed.
Webster's's New World Dictionary, Second College Edition, 1980 defines the word "maintenance" as:
a maintaining or being maintained; upkeep, support, . . . the work of keeping a building, machinery, etc. in a state of good repair. . . .
Id. at 854. The same source defines "maintain" as:
1. to keep or keep up; continue in or with; carry on 2. a) to keep in existence or continuance . . . b) to keep in a certain condition or position, esp. of efficiency, good repair, etc.; preserve. . . .
Id.
What you have asked is whether computer software can be purchased for long term use by a municipal court with capital improvement sales tax money. Software for docketing cases, tracking those cases, record keeping, payrolling and the like would not fall within the definitions of capital improvements or the maintenance or operation of the improvement. We recognize that the software would certainly assist in the operation of the municipal court. However, the municipal court is an entity and not a capital improvement; therefore the expenditure for computer software to assist the operation of the municipal court cannot be made from sales tax dedicated under Section 94.577 RSMo.
If, however, the computer software that is purchased is for a computer system dedicated to such things as heating and air conditioning or security, then a different analysis is required. This office faced a similar matter on the issue of what constituted maintenance in regard to an indoor swimming pool in the context of a sales tax dedicated to a recreation and amateur sports subdistrict of a metropolitan zoological park and museum district. We concluded that janitorial and security manpower, use of pool chemicals and repair equipment, electricity to run motors and pumps, and utility costs to dehumidify and heat the pool were all within the definition of "maintenance." See Opinion No. 181-91, a copy of which is attached. By that same reasoning if computers are dedicated to maintenance, security, sprinkling system, heating, ventilation, air conditioning or the like, then the software for such dedicated computers would be part of the "maintenance" for the municipal court and can be purchased from sales tax revenue dedicated to capital improvements.
 CONCLUSION
Normally a municipality may not pay for computer software from sales tax revenue authorized under Section 94.577 RSMo 1999 Supp. However, if there are computers dedicated to "maintenance" of a capital improvement for items such as security, climate control, or fire protection, software for such computers may be purchased from such dedicated funding.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
ARREST REPORTS: The Sunshine Law requires disclosure SUNSHINE LAW: of the race of the arrested person and the location of the arrest from an arrest report if that information is contained in the arrest report and the arrest report has not been closed pursuant to the provisions of the Sunshine Law. The status of the records is not affected if they are maintained in an electronic format.